## YEARWOOD v. STATE. (6 Div. 187.)

(Court of Appeals of Alabama. July 14, 1923.)

**Criminal law ⬰753(3)—Affirmative charge improper on conflicting evidence.**

There being a conflict in the evidence, it was error for the trial judge to give the affirmative charge for the state.

Appeal from Circuit Court, Cullman County; Robert C. Brickell, Judge.

Otto Yearwood was convicted of violating the prohibition law, and appeals. Reversed and remanded.

Paine Denson, of Cullman, for appellant.

It was error for the court to give the general charge for the state. Mitchell v. State,

18 Ala. App. 119, 89 South. 98; Clark v. State, 18 Ala. App. 217, 90 South. 17; Adams v. State, 18 Ala. App. 143, 90 South. 42; Fillmore v. State, 18 Ala. App. 334, 92 South. 94; Seigler v. State, ante, p. 135, 95 South. 563; Boutcher v. State, ante, p. 134, 95 South. 561.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Counsel argue the evidence was sufficient to justify the affirmative charge for the state.

FOSTER, J. The defendant, appellant, was convicted for possessing a still. The evidence for the state tended to prove the defendant's guilt. The defendant denied all knowledge that the still was in his pasture, or that he owned or had any interest in the still, or any possession of same.

Defendant admitted the use of the pasture for his stock, but denied any connection of any sort with the still. He also admitted ownership of the bucket found in his barn, but stated that so far as he knew the bucket was not used for making whisky. There was a conflict in the evidence, and it was error for the trial judge to give the affirmative charge for the state. It is not necessary to discuss the other questions presented, as they will probably not arise on another trial.

For the error indicated, the judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.