164 So. 395

## McMILLAN v. STATE.
### 2 Div. 580.

Court of Appeals of Alabama.
Nov. 26, 1935.

Festus F. Windham, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The transcript in this case as originally filed in this court was incomplete in that the proceedings in the county court where the prosecution originated were not incorporated therein. However, this defect has been cured by returns to the certiorari issued in this connection and as the record now stands it is regular in all things.

As stated, this prosecution was begun in the county court, the accused being charged with the offense of unlawfully having in his possession, etc., prohibited liquors. From the judgment of conviction in the county court, he appealed to the circuit court and was there tried by a jury on a complaint filed by the solicitor as the law provides. The trial in the circuit court also resulted in the conviction of the defendant, and, from the judgment of conviction, this appeal was taken.

The evidence tends to show that the searching officers, four in number, found a pint bottle with some whisky in it in the home of appellant, who was present at the time, and, in addition, that they found a large number of empty quart bottles in the house and about the place. The state's witnesses testified that several of the quart bottles had small quantities of whisky in them and their evidence tended to show that these bottles had just been hurriedly emptied, that the sink in the kitchen smelled of whisky and also the place where the pipe from the sink emptied upon the ground outside smelled strongly of whisky; also, that in the reservoir on the stove they found a bottle and the water in the reservoir also smelled like whisky. They gave other evidence of like import in connection with their search and some of the witnesses for the state testified relative to the action of this appellant in refusing to let the officers enter the house on the occasion in question, that he scuffled with them and was overpowered by the officers, etc.

█ The defendant, himself, and each member of his family who were present at the time testified as witnesses and denied emphatically all of the foregoing, except as to the pint bottle partially filled with whisky. As to this, the defendant admitted having brought the bottle of whisky to his home, and undertook to show that the whisky had been prescibed for his sick wife by her attending physician. In the absence of the jury, the physician in question stated he had prescribed the whisky for defendant's wife who had just undergone a very serious operation, etc. In this and several other ways defendant undertook to get this evidence before the jury, but upon objection by the state he was not allowed to do so, the defendant reserving several exceptions to

the court's rulings in this connection. There was no error in these rulings. This identical point of decision has been definitely settled in our case of Beasley v. State, 22 Ala.App. 314, 115 So. 290, where the court said: "Testimony as to the physical conditions of defendant's wife was properly excluded. Under the prohibition laws as they now stand in this state, no person is allowed to possess whisky for medicinal purposes."

After the conclusion of the court's oral charge to the jury, the record shows the court said: "Now, in this case, gentlemen of the jury, the State of Alabama has asked this court to give the general affirmative charge and the court will give you that charge." And the following charge was given, to wit: "The court charges the jury that, if you believe all the evidence in this case beyond a reasonable doubt, they should find the defendant guilty as charged in the complaint. 'Given.' Jno. Miller Judge."

In giving the foregoing charge, the court fell into error necessitating a reversal of the judgment of conviction from which this appeal was taken. As stated, hereinabove, there was sharp conflict in the evidence in this case. The court permitted the state to offer proof of numerous containers, many of which the state insisted contained small quantities of whisky, and the evidence in this connection afforded an inference that because of the approach of the officers the bottles in question had been hurriedly emptied as described by the state witnesses. This evidence was, of course, incriminating in its nature. It was emphatically denied by the defendant, his wife, and his son, and their evidence having been admitted, it was the duty of the court to permit the jury to consider it.

The giving of the affirmative charge for the state is of doubtful propriety in view of the presumption of innocence, and where the evidence is in conflict as to material questions, the charge is wholly inapt and the court is without authority to direct a verdict. Pate v. State, 19 Ala.App. 243, 96 So. 649; Whittaker v. State, 17 Ala.App. 624, 88 So. 188; Yearwood v. State, 19 Ala.App. 355, 97 So. 243.

For the error indicated, the judgment of conviction from which this appeal was taken is reversed and the cause remanded.

Reversed and remanded.