# Jebeles *et al. v.* The Sate.

*Indictment for Violation of Sunday.*

1. *Keeping store open on Sunday; sufficiency of indictment.*—An indictment which charges that a defendant who was a merchant "kept open store on Sunday against the peace and dignity of the State of Alabama," is sufficient to charge the violation of the statute prohibiting any person who is a merchant or shop keeper from keeping open store on Sunday, (Code, § 5542).

2. *Violation of Sunday; admissibility of evidence.*—On a trial under an indictment charging a merchant with keeping his store open on Sunday, where the evidence for the State

[Jebeles *et al.* v. The State.]

tends to show that the Sunday designated was the last of August or the first of September, it is competent for a witness to testify that he saw the door of defendant's store open on the first Sunday in September, and that it was his recollection that said Sunday was the 2d of September.

APPEAL from the City Court of Anniston.

Tried before the Hon. THOS. W. COLEMAN, JR.

The appellants in this case were tried and convicted under the following indictment: "The grand jury of said county charge that before the finding of this indictment that John Jebeles and Peter Jebeles, being merchants or shopkeepers, and not druggists, kept open store on Sunday, against the peace and dignity of the State of Alabama."

To this indictment the defendants demurred upon the following grounds: "1st. Because said indictment does not charge a criminal offense, inasmuch as it fails to charge that these defendants unlawfully kept open store on Sunday. 2d. It fails to charge that these defendants kept open store on Sunday for the purpose of traffic or trade, or for the purpose of pursuing their daily avocation. 3d. It fails to charge that these defendants kept open store for buying and selling, or for buying or selling, or for receiving and storing, or for receiving or storing on Sunday. 4th. For that merely keeping the doors of a store open on Sunday is not a violation of law. 5th. Because it fails to charge that defendants either sold or offered to sell anything in the store on Sunday." This demurrer was overruled.

On the trial of the cause the State introduced evidence tending to show that the defendants kept open their store in the city of Anniston on a Sunday and had a regular business on said day; that the Sunday designated was either the latter part of August or the first of September, 1901. There was no evidence introduced on the part of the defendant.

R. A. Duncan, a witness for the State, testified that he saw the defendant's store open on the first Sunday in September, 1901, that his recollection was that it was the second day of September, 1901, in the morning;

that it was on Sunday, but that he was not positive as to the day of the month. The defendant moved to exclude the testimony of this witness, about the defendants keeping their place of business open on the 2d of September, 1901. The court overruled the motion, and the defendants duly excepted.

The cause was tried by the court without the intervention of a jury, and judgment was rendered finding the defendants guilty as charged in the indictment.

MATTHEWS & WHITESIDE, for appellants, cited Code, § 5542; *Dixon v. State,* 76 Ala. 89; *Anthony v. State,* 29 Ala. 28.

CHAS. G. BROWN, Attorney-General, for the State, cited Criminal Code, § 4894; Form 86, p. 336 and authorities.

McCLELLAN, C. J.—Section 5542 of the Code provides: "Any person * * * who, being a merchant or shopkeeper, keeps open store" on Sunday must be fined, etc. This statute in our opinion sufficiently describes the offense intended to be denounced. The keeping of "open store" implies something more than opening the door of a shop or store or keeping the door open. It involves the keeping open of the store as such, the opening up of the business carried on in the house, the exposition to sale of the wares stored there for sale. The words in and of themselves mean the opening up and keeping open the storehouse of goods, wares and merchandise for the purposes of traffic. Where this is done it need not be shown that any sale was actually made; and on the other hand a sale may be made in such storehouse on Sunday which would not involve keeping open store within the statute.—*Snider v. State,* 59 Ala. 64; *Dixon v. State,* 76 Ala. 89. And as the statute itself thus defines the offense, an indictment, like that in this case, which pursues the statute in its averments is sufficient although it does not contain all the averments of the form prescribed for offenses under section 5542 of the Code; and the city court did not err in overruling the demurrer to it.

[Marks v. The State.]

There is obviously no merit in defendant's exception to the ruling of the court as to the testimony of R. A. Duncan, nor in the exception reserved to the finding and conclusion of the court on the evidence.

