(88 South. 188)

WHITTAKER v. STATE. (6 Div. 731.)

(Court of Appeals of Alabama. Dec. 14, 1920.)

1. SUNDAY ⬅⬛5—KEEPING OPEN OF STORE, AND NOT SALE OF MERCHANDISE, CONSTITUTES OFFENSE.

Code 1907, § 7814, and the form of an indictment prescribed under Code 1907, p. 678, form 107, make the "keeping open of a store" on Sunday for the purpose of traffic the crime, and not the sales of merchandise made on that day, such sales on that day being merely evidences of the crime.

2. CRIMINAL LAW ⬅⬛753(3) — AFFIRMATIVE CHARGE AGAINST DEFENDANT OF DOUBTFUL PROPRIETY.

The giving of an affirmative charge against the defendant in a criminal case is of doubtful propriety, though in the absence of conflicting testimony to the fact of guilt a charge of this character predicated upon the belief of the testimony by the jury may be given, but it should never be given where there is any evidence upon which a verdict of acquittal could be based or where facts pointing to guilt rest in inference only.

3. SUNDAY ⬅⬛29(4) — WHETHER PLACE OF BUSINESS OF STORE OR RESTAURANT HELD FOR JURY.

In a prosecution for keeping a store open on Sunday for purpose of traffic, whether the establishment operated by the defendant was a store or a restaurant held for the jury.

Appeal from Circuit Court, Cullman County; Robt. C. Brickell, Judge.

Mrs. W. B. Whittaker was convicted of keeping open store on Sunday, and she appeals. Reversed and remanded.

F. E. St. John, of Cullman, for appellant.

The court was in error in directing a verdict for the state. 201 Ala. 392, 78 South. 454.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The court's attention is called to the following cases as bearing upon the question here involved: 201 Ala. 392, 78 South. 454; 59 Ala. 64; 53 Ala. 481, 25 Am. Rep. 643; 76 Ala. 89; 131 Ala. 41, 31 South. 377.

BRICKEN, P. J. The defendant was indicted and tried for the offense of keeping open store on Sunday. At the conclusion of the evidence, the court, at the written request of the solicitor, gave the general affirmative charge for the state, and this action of the court presents the principal question for our consideration on this appeal.

As a defense to this prosecution the defendant insisted that her place of business, where the offense is alleged to have been committed, was not "a store" but was a

---

⬅⬛For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

restaurant, and the testimony of all the witnesses, both for the state and defendant, was to the effect that she served meals and lunches there to the public generally; the defendant testifying:

"I serve meals and lunches in my place of business; we cook it there. We cook our own meals there. That is the only place we have, and we eat there," etc.

The defendant also introduced in evidence her state and county license, authorizing her to transact business as a lunch stand or restaurant in Cullman, Ala.

It is conceded by the Attorney General, representing the state on this appeal, that the keeper of a restaurant has a right to keep his place of business open on Sunday and to operate it, so long as he confines his operations within the limits usually followed in such business; that is, to serve meals. This is admitted for the reason that the statute contains no inhibition against his doing so.

[1] From the statute in question (section 7814 Code 1907) as well as the form of indictment prescribed (form 107, Code 1907, p. 678), it is clear that it is the keeping open of the store on Sunday for the purpose of traffic which is made a crime, and not the sales of merchandise made on that day. "Such sales on that day are merely evidences of the crime." Ex parte Stollenwerck, 201 Ala. 392, 78 South. 454. In other words, the offense made by the statute is the keeping open store on Sunday for the purpose of business. We think the contention made by able counsel for appellant may be conceded as being correct wherein it is insisted:

"It has never been considered by the officers of the law, or the courts, or by the public generally, to be a violation of the law to keep a restaurant or lunch stand open on Sunday for the purpose of serving meals."

In this connection we think it pertinent to quote the following language from the case of Ex parte Stollenwerck, supra, wherein the court said:

"Courts are not supposed to be ignorant of that which everybody knows; and everybody in this state knows that drug stores are not limited in their stock in trade to drugs only; that they carry tobacco, cigars, candies, soaps, toilet articles, and the like, as well as medicines and drugs, and that, in the absence of local laws, they are kept open on Sunday, and sell on Sunday such articles as they carry in trade, and that it has never heretofore been deemed a violation of the criminal statute to do so. Such has been the contemporaneous construction of the statute, for 50 years, by the officers charged with the enforcement of the laws, and by the people, who are charged with observing them."

[2] As to the sole question involved on this appeal, it has many times been held that the giving of the affirmative charge against the defendant in a criminal case is of doubtful propriety, though, in the absence of conflicting testimony to the fact of guilt, a charge of this character predicated upon the belief of the testimony by the jury may be given. But it should never be given where there is any evidence upon which a verdict of acquittal could be based, or where the facts in evidence pointing to guilt rests in inference only.

[3] After a careful examination of all the evidence in this case, we are of the opinion that a jury question was presented, and that it was for the jury to decide under the evidence in this case whether the establishment operated by the appellant was a store or a restaurant. It follows that the general affirmative charge for the state should not have been given, but that the questions involved should have been submitted to the jury for its determination. For the error in giving this charge the judgment of the lower court is reversed, and the cause remanded.

Reversed and remanded.