## TOWN OF LIVINGSTON v. SCRUGGS.
### (2 Div. 253.)

(Court of Appeals of Alabama. May 30, 1922.)

**Municipal corporations ☞592(1)—Ordinance requiring closing of business places on Sunday, except drug stores for sale of drugs and medicine, void, as inconsistent with state law permitting drug stores to do business on Sunday.**

Ordinance of town of Livingston, providing for the closing of places of business on Sunday, except drug stores for the sale of drugs and medicines, is void, as inconsistent with Code 1907, § 7814, which makes it a crime to keep open stores other than drug stores for purposes of traffic on Sunday.

Appeal from Circuit Court, Sumter County; R. I. Jones, Judge.

Prosecution by the Town of Livingston against Edward P. Scruggs for violating the Sunday closing law. From a judgment declaring the ordinance void and discharging defendant, plaintiff appeals. Affirmed.

The ordinance provides for the closing of all places of business on Sunday, prohibits the doing of worldly labor or work, prohibits the exposure for sale or selling on Sunday of the usual commodities, and requires the closing of all stores, warehouses, or soft drink, beverage, or ice cream stands, etc. The ordinance further provides that nothing herein shall prohibit the sale of drugs and medicines by or in any drug store, or the serving of meals by or in any restaurant or hotel. After setting out the ordinance in full, the complaint charges that Edward P. Scruggs, a druggist operating a drug store, did sell, between the hours of 12 on Saturday night and 12 on Sunday night, soft drinks, cigars, etc., none of which were drugs or medicines.

Patton & Patton, of Livingston, for appellant.

The court erred in sustaining the demurrers to the complaint, thus holding the ordinance to be inconsistent with the state laws. Sections 1251 and 7814, Code 1907; 2 Ala. App. 454, 56 South. 603; 191 Ala. 77, 67 South. 389, Ann. Cas. 1916C, 1061; 201 Ala. 89, 77 South. 383, L. R. A. 1918C, 522. As

to the term "druggist," see Standard Dictionary, Encyclopædic Dictionary, and Bouvier's Law Dictionary.

Thomas F. Seale, of Livingston, for appellee.

The contention of appellant has been settled clearly against it in the following cases, and by the following authority: 201 Ala. 392, 78 South. 454; 263 Ill. 531, 105 N. E. 285; 196 Ala. 209, 72 South. 41; 252 Ill. 311, 96 N. E. 872, Ann. Cas. 1912D, 675; 2 Dillon, Mun. Corp. (5th Ed.) § 601.

BRICKEN, P. J. There is but one question involved upon this appeal, and this relates to the validity of the ordinance under which appellee was tried and convicted in the mayor's court of the town of Livingston. From the judgment of conviction in the mayor's court, he appealed to the circuit court.

In the circuit court demurrers were sustained to the complaint, and the effect of this ruling was to declare the ordinance invalid, as being inconsistent with the general laws of the state; the particular statute being section 7814, Code 1907. This section of the Code of 1907 (section 7814) has received a most thorough construction by the learned opinion of Mayfield, J., writing for the court in the case of Ex parte Stollenwerck, Stollenwerck v. State, 201 Ala. 392, 78 South. 454. The ordinance in question is clearly inconsistent with the state law as construed by the Supreme Court in Stollenwerck's Case, supra. The action of the court in so declaring is without error. The demurrers were properly sustained. See, also, Ward v. Markstein, 196 Ala. 209, 72 South. 41.

Let the judgment appealed from stand affirmed.

Affirmed.