(111 So. 759)

### EVERETT v. STATE. (7 Div. 300.)

(Court of Appeals of Alabama. March 22, 1927.)

Chas. J. Scott, of Ft. Payne, for appellant.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

RICE, J. ■ When the statute (Code 1923, § 5539) provides that "Any person who * * * being a merchant or shopkeeper, druggist excepted, keeps open store on that day [Sunday], must be fined," etc., we think it applies to all alike; that is, that whether or not any person is such "merchant or shopkeeper" is to be determined solely from the deeds committed on the sacred day. In other words, the fact that a particular defendant may be an individual who pursues the daily business of being a merchant or shopkeeper for a livelihood will not cause an act or deed done by that individual on Sunday, at some other place, or in some other building than that in which the business of merchandising or shopkeeping is carried on, to be an offense against the laws of the state, unless it would be an offense if committed by any other individual.

■ Viewed in this light, we think the evidence in this case left it open for the jury to infer that in selling the articles of food mentioned in the testimony from the building which, while denominated a "storehouse" by some of the witnesses, was yet shown by the undisputed testimony to be nothing more than a vacant building, the defendant may not have been guilty as denounced by the statute. Under appropriate instructions, the question of appellant's guilt should have been left to the jury, and for the error in giving the general affirmative charge in favor of the state, the judgment is reversed and the cause remanded.

Reversed and remanded.