# Bothwell, Appellant, *v.* York City.

*Municipalities—Cities of the third class—Ordinances—Amusements — Licenses — Title of ordinance — Advertising ordinance— General powers — Police powers — Sunday exhibitions for pay — Acts of June 27, 1913, P. L. 568, and April 7, 1925, P. L. 179— Discriminating legislation.*

1. An ordinance of a city of the third class is properly advertised in accordance with the provisions of section 5 of the Act of

June 27, 1913, P. L. 568, where it appears that the ordinance was passed on August 10th, and on the same day signed by the mayor and attested by the city clerk, that advertisement followed in the manner prescribed by council in one newspaper on the 17th, 18th, and 19th of August, and in another newspaper on the 18th, 19th, and 20th of the same month, all these different days being within the ten days prescribed by the act, after which period the advertisement was by law to take effect.

2. A city of the third class has the power under subsection 25, of section 1, of article V, of the Act of June 27, 1913, P. L. 568, as amended by the Act of April 7, 1925, P. L. 179, to pass an ordinance prohibiting, under penalty, certain public amusements and exhibitions on Sunday for pay.

3. Where such an ordinance does not specify the particular grant of power by which the council enacted it, the court will not assume that it was passed under subsection 25, section 3, article V, of the Act of June 27, 1913, relating to the licensing of amusements and exhibitions.

4. It is not required that the title of an ordinance of a city of the third class shall give notice of all the indirect and incidental effects of the enactment; all that is necessary is that the title shall clearly express the subsequent matter of the ordinance.

5. An ordinance prohibiting certain amusements and exhibitions for pay on Sunday is not discriminating because it fails to include in its subject-matter all worldly employments and business.

6. Discriminations open to objection are those where persons engaged in the same business are subjected to different restrictions, or held entitled to different privileges under the same conditions.

Argued September 27, 1927. Before Moschzisker, C. J., Frazer, Walling, Simpson, Sadler and Schaffer, JJ.

Appeal, No. 263, Jan. T., 1927, by plaintiff, from decree of C. P. York Co., dismissing bill in equity, in case of Fred C. Bothwell v. York City. Affirmed.

Bill for injunction. Before McPherson, P. J., specially presiding.

The opinion of the Supreme Court states the facts. Bill dismissed. Plaintiff appealed.

*Error assigned,* inter alia, was decree, quoting record.

*Michael S. Niles,* for appellant.—Publication is a duty imposed on the municipal officers and until it is performed no rights are granted and unless the publication is strictly in accordance with law, the ordinance is not valid: Com. v. Kelly, 250 Pa. 18; Carpenter v. Boro., 208 Pa. 396.

The title to the ordinance is insufficient in that it does not give notice of the contents and therefore the ordinance is invalid on that ground: Mahoning & S. Ry. & L. Co. v. Newcastle, 233 Pa. 413.

*Frederick B. Gerber,* for appellee.—The ordinance was properly advertised.

The title of the ordinance was sufficient.

The ordinance is not unconstitutionally discriminatory: Phila. v. Brabender, 201 Pa. 574; Hing v. Crowley, 113 U. S. 703; Com. v. Emmers, 221 Pa. 298; Radice v. New York, 264 U. S. 292.

OPINION BY MR. JUSTICE FRAZER, December 5, 1927:

The council of the City of York, on August 10, 1926, enacted an ordinance designed to restrain and prohibit the operation of a class of public amusements and exhibitions within the corporate limits of that municipality. Specifically, this enactment makes it unlawful for "any person or persons, firm, partnership or corporation, publicly for pay to conduct, hold, give or operate, within the corporate limits of the City of York, on the first day of the week, commonly called Sunday, or during any part of such day, an opera, theatre, concert, show, circus, menagerie, motion picture show, amusement park, or any kind of public exhibition for pay (except those for religious, educational or charitable purposes), skating rink, shooting gallery, dance hall or floor, ball room, roller coaster, ferris wheel, carrousel, aerial-swing, skooter, hey-dey, or other like mechanical amusement device or machine operated publicly for pay." The ordinance imposes upon the mayor and the

police department of the city the duty to "restrain, prohibit and supress violations" of the ordinance, to arrest persons offending and to "disperse the audiences and patrons in attendance during such violations," and provides for the imposition upon convicted offenders, as a penalty, payment of a fine not exceeding $300, or, in default of the payment of the fine, imprisonment in the county jail for not more than ninety days, ordaining that the ordinance "shall take effect from and after its passage and legal publication." The title of the ordinance is practically a recital of the things to be prohibited and of the penalty imposed. On the day of its passage by council the ordinance was signed by the mayor and attested by the city clerk, and was, within ten days after its passage, published three different times in two newspapers, printed and circulated within the City of York, all of which proceeding was in conformity with law. Immediately after the date upon which the ordinance became effective, proceedings in equity were instituted by appellant, the owner of an amusement park located within the limits of the municipality, asking that the city be permanently enjoined from enforcing the ordinance, alleging it to be invalid, void and discriminatory. Upon hearing and argument, the court dismissed exceptions filed by plaintiff to the preliminary decree and directed that the bill be dismissed.

Plaintiff appealed and contends the ordinance is invalid and inoperative for the reasons that (1) it was not properly advertised; (2) its title does not give proper notice of its contents; (3) it was drafted under subsection 25, art. 5, of the Act of June 27, 1913, P. L. 568, providing for the incorporation and government of third-class cities, and is not in accord with the meaning and purpose of that subsection. The learned trial judge, in his findings of facts and conclusions of law, held the publication of the ordinance to be in compliance with law; that the title was sufficient, and that authority for the enactment of the ordinance was not taken

from the provisions of subsection 25 of the Act of 1913, but such authority was vested in the city by the general police power of the Commonwealth.

In the disposal of this case, we find it unnecessary to go beyond the facts set forth in the record and the provisions of the third-class city law of 1915 and its subsequent amendments. We accordingly give but passing notice to the curious contention of appellant that, in consideration of this case, there must be recognized an analogous relation of the Act of 1913 with the statutes creating and governing boroughs and townships; so that, as appellant expresses it, "reading the Act [governing third class cities] in connection with the existing laws relative to boroughs and townships, we are brought to the conclusion that the intention of the legislature was to provide that all ordinances carrying a penalty should be advertised once a week for three successive weeks." It is enough to say that a conclusive answer to this contention is that neither the Act of 1915 governing boroughs, nor the Act of 1917 governing townships, provides that ordinances carrying a penalty shall be advertised "once a week for three successive weeks." But, at any rate, we are concerned here with only the third-class city law of 1913 and its amendments, in so far as these relate to the enactment of the ordinance in question. Section 7, art. V, of the Act of 1913 sets forth the method for the passage of third-class city ordinances and the manner of publication of those which carry a penalty. It is there provided that "All ordinances shall, unless otherwise provided therein or by law, take effect in ten days after their passage, upon their being signed by the mayor and attested by the city clerk, and every ordinance prescribing a penalty for the violation thereof shall be forthwith published, at least three times, in not more than two newspapers printed and circulated within the city, in such manner as council may direct." Nowhere else in the Act of 1913 is

there contrary direction for the enactment and publication of ordinances imposing a penalty.

Was this particular ordinance, then, published in conformity with the provisions of section 7? The record of the case before us shows compliance with the statute. On August 10, 1926, the ordinance was passed by council and on the same day signed by the mayor of the City of York and attested by the city clerk. Advertisement followed in the manner directed by council, in one York newspaper on the 17th, 18th and 19th of August, 1926, and in another York newspaper on the 18th, 19th and 20th of the same month, all these different days being, within the prescribed ten days, after which period the ordinance was, by law, to take effect. It will thus be seen that every detail required by section 7 was followed with entire exactitude; and we accordingly concur with the learned trial court in the conclusion that the ordinance was properly published and is consequently in that respect valid and operative.

The ordinance and its title are next attacked by appellant on the ground, as we gather from his argument, that it was enacted under the provisions of subsection 25 of sec. 3, art. V, of the Third-Class Cities Act of 1913, which provides for licensing, and collection of a license tax from, designated amusements and exhibitions with pay, and for regulation of the same. Ordinances adopted under that subsection would, of course, be regulatory, and appellant contends that as the ordinance in dispute here is a prohibitory enactment,—a prohibition of certain public amusements and exhibitions for pay,—it goes beyond the authority given by subsection 25. There would be force in the application of this argument to the determination of this case if the disclosures in the record before us failed to show no real ground to support such application. It is true, the ordinance does not specify the particular grant of power by which the council enacted it. There is nothing in the law requiring such specification. Had the coun-

cil of the city decided to adopt an ordinance the intention of which was to license public amusements for pay, to collect a license tax and to regulate such amusements, as this subsection requires, it would have undoubtedly drafted an ordinance in accordance with that part of the law of 1913. But we find nothing in the record of the case and nothing in the ordinance itself to indicate that, in drafting this local legislation, council had subsection 25 in mind. A careful reading of the ordinance, however, will show that the part of the Act of 1913 council did have in mind was subsection 46 of section 1, art. V, as amended by the Act of April 7, 1925, P. L. 179. As thus amended, subsection 46 provides that "in addition to the powers and authority vested in each city of the third class by the provisions of the foregoing clauses of this section each of the said cities shall have power and authority to make all such ordinances, by-laws, rules and regulations......as may be expedient or necessary for the......maintenance of the peace, good government, safety, and welfare of the city,"—and to inflict provided penalties. It should be noted that in subsection 46 not only is to be found a power fully sufficient to authorize the enactment of the ordinance here in question, but that the subsection referred to also specifically sets forth, as amended by the Act of 1925, that the city shall have power and authority to enact all ordinances for the maintenance of peace, good government and welfare of the municipality. In other words, the legislature has lodged, in cities of the third class, authority for the enactment of ordinances of the character of the one now before us, which the opinion of the court below states plaintiff admitted was already vested in such cities by the general police power of the Commonwealth. In view of the facts presented by the record and the law, there is neither strength nor consistency in appellant's contention that the ordinance before us was enacted without lawful authority.

As to the appellant's contention that the title of the ordinance "is insufficient in that it does not give notice of the contents," little need be said.  Section 2, article V, of the law of 1913 governing cities of the third class directs that "no ordinance shall be passed by council except by bill," and "no bills, except general appropriation bills, shall be passed containing more than one subject, which shall be expressed in its title."  The subject of a law or an ordinance is the matter to which it relates and with which it deals.  Certainly the ordinance here in question relates to and deals with, as its only subject, the prohibition of a class of amusements on the Sabbath day, with the imposition of a penalty and the method of publication added as necessary incidents of such legislation; and that one subject is the only one set forth in the title, plainly and with almost unnecessary detail. It is not required that the title shall give notice of all the indirect and incidental effects of the Act; all that is necessary is that the title shall clearly express the subject of the act: Commonwealth v. Keystone Benefit Assn., 171 Pa. 465.

As to the contention of appellant that the ordinance is discriminatory in its terms because it fails to include in its subject-matter "all worldly employments and business, and subject them to a prohibition similar to that intended to be effective against the amusements enumerated," we reply that the council of York selected amusements which in its discretion it considered proper to prohibit by ordinance on the Sabbath day, and the weight of this enactment falls alike on all persons convicted of engaging in such unlawful operations.  The ordinance discriminates against no persons or class of persons, and surely it is not for appellant to say that the ordinance is void because it does not prohibit other acts equally mischievous as the acts prohibited: Philadelphia v. Brabender, 201 Pa. 574; the discriminations open to objection are those where persons engaged in the same business are subjected to different restrictions,

or held entitled to different privileges under the same conditions. It is only then that the discriminations can be said to impair that equal right which all can claim in the enforcement of the law: Soon Hing v. Crowley, 113 U. S. 703.

The decree of the lower court dismissing plaintiff's bill is affirmed at plaintiff's costs.