Domestic Fuel Co. et al., Appellants, *v.*
Thomas et al.

Argued March 25, 1935. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*C. E. Brockway,* with him *Leo H. McKay,* of *Brockway, Whitla & McKay,* for appellants.

*Fred T. Fruit,* City Solicitor, for appellee.

OPINION BY MR. JUSTICE DREW, April 22, 1935:

Plaintiffs seek to enjoin the enforcement of a municipal ordinance on the ground that it violates the "equal protection" clause of the Fourteenth Amendment to the Federal Constitution. The court below, after a hearing and argument, entered a final decree dismissing plaintiffs' bill, and from that decree this appeal was taken.

The ordinance in question, duly enacted by the City of Sharon on February 20, 1934, provides as follows: "All coal, coke, petroleum, coke briquettes and other solid fuels which are required to be weighed under the provisions of Act No. 40 of the special session of the Legislature of Pennsylvania, approved January 2, 1934, after loading and before delivery to any purchaser within the city, shall be weighed upon a scale in the City of Sharon, which has been inspected within three months, by a weighmaster licensed under the provisions of said Act." That Sharon, a third-class city, has legislative authority for such an ordinance is clear from the provisions of the Act of June 23, 1931, P. L. 932, section 2403, clause 52, conferring upon such cities the power to "provide for and regulate" by ordinance "the inspection and weighing of . . . coal, and the measuring of . . . fuel, to be used in the city."

Plaintiffs, however, who are respectively mine owners and coal truckers having no places of business or scales within the city, claim that the ordinance is discriminatory because it fails to provide for municipal scales or a

municipal weighmaster. It appears from the record that the Domestic Fuel Company, one of the plaintiffs, maintains a properly inspected scale at its mine on which the coal sold from the mine is weighed, by licensed weighmasters, and that slips showing the weight, the name of the intended purchaser and the signature of the weighmaster are duly filled out, in accordance with the requirements of the Act of January 2, 1934, P. L. 196. The other plaintiffs, who are engaged in trucking coal from mines to consumers, maintain no yards or scales anywhere. Although the city has no municipal scales or weighmaster, the chancellor found as a fact that there are "ample weighing facilities in the City of Sharon, which are privately owned and operated by coal dealers, upon which coal may be weighed in compliance with said ordinance, at a moderate charge." Plaintiffs produced no evidence to the contrary. Their contention apparently is that the effect of the ordinance is to require outside dealers who have weighed their coal at the mine to weigh it again within the city limits, on the scales of competitors, while dealers with scales of their own in the city satisfy the ordinance by weighing on their own scales. Therefore, plaintiffs claim, the ordinance discriminates unfairly against outside dealers.

With this contention we cannot agree. It seems to be assumed by plaintiffs in much of their argument that dealers within the city are in some way exempt from the terms of the ordinance. But it is expressly provided that its requirements shall apply to "all coal" and other solid fuels required to be weighed under the Act of 1934, supra. No classification of dealers is to be found within its terms, and plaintiffs have failed to show circumstances which would cause its operation to result in unreasonable discrimination. Dealers within the city as well as dealers located elsewhere are required to weigh their coal in compliance with the ordinance. Plaintiffs contend that the effect of the ordinance is to put them at the mercy of their competitors, since the city has provided no munic-

ipal scales and has no way of compelling the city coal dealers to permit use of their scales at reasonable rates. But nothing in the provisions of the ordinance limits plaintiffs to the use of scales of competing coal dealers, and plaintiffs have not shown either that no scales other than those of competitors are available or that they are in any way prevented from maintaining their own scales within the city, either separately or in conjunction with other outside coal dealers. The ordinance shows on its face that weighing, by a licensed weighmaster, on any scales in the city which have been inspected within three months is a sufficient compliance with its terms.

As we said in Bothwell v. York, 291 Pa. 363, repeating language in Phila. v. Brabender, 201 Pa. 574, "The discriminations open to objection are those where persons engaged in the same business are subjected to different restrictions, or held entitled to different privileges under the same conditions. It is only then that the discriminations can be said to impair that equal right which all can claim in the enforcement of the law: Soon Hing v. Crowley, 113 U. S. 703." No such situation is presented here. The ordinance includes no geographical restrictions and exempts no one from its operation, either expressly or in effect. On the contrary, it would appear to be a reasonable police regulation, designed to protect purchasers of coal in Sharon. It is true that the Act of 1934, supra, provides some protection to such purchasers, along with all purchasers in the State, in that it requires coal to be weighed before delivery or before starting out for delivery. But it cannot be doubted that the ordinance effectively increases that protection. There was testimony as to the danger of spillage between the weighing at the mine and delivery to purchasers in the city, and the city officials might naturally conclude that purchasers would be better protected by having all coal weighed on inspected scales within the city, which has its own sealer of weights and measures. Whether or not dealers within the city urged the adoption of this ordi-

nance in their own interests, as plaintiffs contend, is not a proper question for our consideration. The ordinance was duly enacted by the city council, not by the coal dealers, and was approved by the mayor, and it is to be supposed that these officials had their own reasons for it. Since the ordinance discloses on its face a reasonable police regulation, and since plaintiffs have failed to show that unreasonable discrimination results from its operation, the ordinance must be held valid.

Plaintiffs rely on Sayre Boro. v. Phillips, 148 Pa. 482, Com. v. Zacharias, 181 Pa. 126, and Com. v. Snyder, 182 Pa. 630. In Sayre Boro. v. Phillips, however, all residents of the borough were specifically exempted from the terms of the ordinance, which prohibited peddling in the borough without a borough license, while the statute in Com. v. Zacharias, requiring the registration and certification of pharmacists, contained an exemption in favor of the widows, administrators and executors of registered pharmacists. In Com. v. Snyder, the act of assembly, which prohibited peddling in Perry County, expressly excluded from its operation peddlers dealing exclusively with the merchants of that county, the merchants themselves, and citizens of the county selling products of their own growth or manufacture. In all of those cases the legislation contained arbitrary and unreasonable exemptions. Clearly, those cases are not parallel to the case before us.

We are convinced that no discrimination has been shown to result from the ordinance. It follows that the ordinance is not in violation of the "equal protection" clause of the Federal Constitution, and that the dismissal by the court below of plaintiffs' bill was proper.

Decree affirmed at appellants' cost.