51 So.2d 6

**WHITTLE v. NESMITH et al.**

6 Div. 112.

Supreme Court of Alabama.

Feb. 22, 1951.

W. Marvin Scott, Cullman, for appellant.

Finis E. St. John, Cullman, for appellees.

STAKELY, Justice.

This is an appeal from a decree of the equity court sustaining the demurrer to a bill of complaint filed by W. A. Whittle (appellant) against the Mayor and Council and Chief of Police of the City of Cullman (appellees). The purpose of the bill is to restrain the respondents from enforcing an ordinance regulating taxicabs in the City of Cullman, Alabama.

The bill of complaint attacks the validity of the ordinance on two grounds, (1) that it is discriminatory and violative of the 14th Amendment of the Constitution of the United States and (2) that it contains an unwarranted delegation of power to the Council and Chief of Police as administrative officers in the enforcement of the ordinance in granting or withholding a license for taxicab operators in the City of Cullman.

The bill of complaint charges that sections 3, 4, 8, 9 and 10 of the ordinance are void in that these sections do not prescribe a general uniform rule, condition or regulation to which all taxi drivers similarly situated may conform, but on the contrary reserve to J. E. Pierce as Chief of Police a wide discretion and the right to grant or withhold the privilege of operating a taxi and allows the Chief of Police the opportunity to exercise an arbitrary discrimination, abuse or oppression, dependent upon his arbitrary will while acting for the city under color of law. The bill further attacks section 9 as being unconstitutional and void in that it affords an opportunity by appeal to the City Council which does not contain a general uniform rule, condition or regulation but reserves to the City Council the right to grant or withhold the privilege as may suit their pleasure and allows to

them the opportunity for the exercise of arbitrary discrimination.

It is well to note at the outset that the bill of complaint does not charge any capricious or arbitrary discrimination in the granting or withholding of a taxicab license so far as the appellant is concerned. It is obvious that he has anticipated that the license would be withheld from him and has filed his bill without being denied a license under the ordinance. It results that in a consideration of the case the case is limited to the ordinance itself and does not include consideration of arbitrary action thereunder.

It is also well to point out at this time that the propriety of the remedy here sought is not questioned. The bill alleges that "Petitioner has for a number of years been engaged in the taxi business known as 'Red Wing Taxi Station' and as such has a large investment in said business by means of which he earns his living and the support of his family and in addition thereto furnishes employment to a number of citizens." The bill further alleges that the ordinance is violative of the 14th Amendment to the Constitution of the United States in that "Petitioner must either go to a very considerable expense to comply with said ordinance, though void, or submit himself to the vexation of repeated persecutions and prosecution by the Chief of Police J. E. Pierce, without warrant, though under color of law."

■ It is settled that injunction will lie to enjoin the threatened enforcement of an invalid ordinance when the lawful use and enjoyment of private property will be injuriously affected by its enforcement or when the right of the person to conduct a lawful business will be injuriously affected thereby. Board of Commissioners City of Mobile v. Orr, 181 Ala. 308, 61 So. 920, 45 L. R.A., N.S., 575.

The ordinance here involved sets up the matters which are to control the chief of police in granting a license to operate a taxicab. It states that before any person shall drive a taxicab upon the streets of Cullman he shall first make a written and signed application to the Chief of Police of Cullman upon a form furnished by the Chief of Police. This shall contain the name and residence of the applicant, his age, height, weight and other named personal characteristics, the number of years experience in driving motor vehicles and whether ever convicted of a felony, misdemeanor or traffic ordinance violation and if so giving the dates and details. It is also required that the names of two persons be given who will vouch for applicant's good moral character and the application shall contain such other data as may be desired by the Chief of Police. If the applicant desires a permit to drive for a taxicab company, the application will also contain the name of such owner. The ordinance further provides that no person shall be granted a permit who makes a false statement in his application for a permit, no person shall drive a taxicab upon the streets of the city who is less than 18 years of age and no person shall drive a taxicab until he has had his fingerprints taken by the police department and he must submit himself and the taxicab driven by him to the inspection of the Chief of Police whenever so directed by such officer.

The ordinance further provides that after receipt of the application for permit the chief of police shall consider the same and if satisfied from such application and other evidence that the applicant is a fit and proper person safely to drive a taxicab upon the streets of Cullman and in other respects also complies with the provisions of this and other traffic ordinances of the city, a written permit to drive a taxicab upon the streets of the city shall be granted.

■ It is conceded that a municipality has the right and power to regulate taxicabs as relates to the use of the streets of a city. § 750, Title 37, Code of 1940. We do not think that the ordinance is void because it delegates legislative power to the Chief of Police. It is true that the legislative authority must declare the policy of the law and fix the legal principles which are to control in given cases but as pointed out in Mutual Film Corp. v. Industrial Commission of Ohio, 236 U.S. 230, 239, 245, 35 S.Ct. 387, 392, 59 L.Ed. 552, "An administrative body may be invested with power to ascertain the facts and the condi-

tions to which the policy and principles apply." It is further true that mere matter of detail within the policy and legal principles established by the ordinance may properly be left to administrative discretion. The determination of such matters of detail is more essentially ministerial than legislative. We think that it can be fairly said that the information required by the present ordinance tends to demonstrate one way or another the ability of an applicant safely and properly to operate a motor vehicle upon the streets of the city. Thompson v. Smith, 155 Va. 367, 154 S.E. 579, 71 A.L.R. p. 604.

But it is argued that under the ordinance the applicant may be required to give "such other data as may be desired by said Chief of Police" and that this admits of whim and arbitrary and capricious action on the part of the Chief of Police. In this connection the ordinance clearly shows that it is adopted under the police power of the municipality. It is of course within the police power of a municipality to prescribe the conditions for transaction of business requiring the use of its streets. City of Mobile v. Farrell, 229 Ala. 582, 158 So. 539. It is well settled that it is not always necessary that ordinances pertaining to the granting and withholding of licenses must prescribe a specific rule of action. This is particularly true where the discretion relates to matters within police regulation and is necessary to protect the public health, safety, morals and general welfare. Walker v. City of Birmingham, 216 Ala, 206, 112 So. 823; People of State of New York ex rel. Lieberman v. Van De Carr, 199 U.S. 552, 26 S.Ct. 144, 50 L.Ed. 305; 38 Am.Jur. p. 27; 42 Am.Jur. p. 345; 92 A.L.R. p. 410; 54 A.L.R. p. 1110.

It is further argued that the permit may be granted or denied at the unbridled will of the City Council. What we have said sufficiently disposes of this contention.

The court acted correctly in sustaining the demurrer.

Affirmed.

BROWN, FOSTER and SIMPSON, JJ., concur.