66 So.2d 83

### LANE v. McFADYEN, Chief of Police.
### I Div. 538.

Supreme Court of Alabama.

May 21, 1953.

Rehearing Denied June 30, 1953.

206

Vincent F. Kilborn, Mobile, for appellant.

Harry Seale, Mobile, for appellee.

LAWSON, Justice.

The appeal is from a decree of the circuit court of Mobile County, in equity, sustaining demurrer to a bill filed by appellant against appellee.

The purpose of the bill filed by appellant, Fred Lane, Jr., a resident of the City of Mobile, who is engaged in the grocery business in that city, is to enjoin appellee, Dudley E. McFadyen, the Chief of Police of the City of Mobile, and the police officers under his control from enforcing a reference ordinance.

The reference ordinance in so far as this record discloses was duly published and adopted. It has the effect of making municipal offenses of the violations of the misdemeanor statutes of the State of Alabama. See Sconyers v. Town of Coffee Springs, 230 Ala. 12, 160 So. 552; State v. Town of Springville, 220 Ala. 286, 125 So. 387; Casteel v. City of Decatur, 215 Ala. 4, 109 So. 571; Sloss-Sheffield Steel & Iron Co. v. Smith, 175 Ala. 260, 57 So. 29.

One of the misdemeanor statutes of this state which has been incorporated into the laws and ordinances of the City of Mobile by virtue of the reference ordinance is § 420, Title 14, Code 1940, as amended, which we will refer to sometimes hereafter as § 420.

Section 420, supra, makes certain acts on Sunday unlawful, including the carrying on of some types of business activity. Under the terms of that section it is unlawful for a grocer to keep "open store" on Sunday.

Appellee has made it known that under the reference ordinance he expects to continue to enforce the provisions of § 420, supra, by arresting appellant and other grocers who keep "open store" on Sunday.

Appellant contends that as applied to him and other grocers similarly situated, the Sunday closing provisions of § 420, supra, are unconstitutional and that is the ground upon which appellant bases his prayer for injunctive relief.

Since it is some of the provisions of § 420, supra, which are under attack we will refer sometimes hereafter to that section rather than to the reference ordinance, although it is the enforcement of the latter which Lane seeks to enjoin.

■ The rule is well established that a court of equity may enjoin the enforcement of an invalid ordinance when its enforcement will interfere with the conduct of business or other property rights. Whittle v. Nesmith, 255 Ala. 193, 51 So.2d 6; Phillips v. City of Homewood, 255 Ala. 180, 50 So.2d 267, and cases cited.

The cases cited and referred to above dealt with ordinances which spelled out the offenses but the principle of those cases, in our opinion, has application to reference ordinances such as that with which we are concerned here.

We see no occasion to set out the averments of the bill in detail, as we are clear to the conclusion that they are sufficient to state a case for injunctive relief under the rule of the cases cited and referred to above if the referred to provisions of § 420, supra, are unconstitutional on the asserted grounds.

Appellant does not claim that § 420, supra, violates constitutional provisions in regard to religious liberty and freedom of conscience.

■ While the legislature is under constitutional restrictions against compelling the observance of a Christian or Jewish or any other religious institution because it is such, laws restricting activity on Sunday have been upheld by the courts of this country on the theory that the legislature has the right to pass laws for the preservation of health and the promotion of public welfare. Under the police power of the state the legislature may provide for one day of rest at periodic intervals and it is discretionary with the legislative authority to select the length of the interval and the day upon which that rest may be taken. Such regulations enacted under the police power are held not to interfere with religious freedom or liberty of conscience. Frolickstein v. Mayor of Mobile, 40 Ala. 725, cited approvingly in Flanagan v. Meyer, 41 Ala. 132; Hennington v. Georgia, 163 U.S. 299, 16 S.Ct. 1086, 41 L.Ed. 166; District of Columbia v. Robinson, 30 App.D.C. 283, 12 Ann.Cas. 1094; Elliott v. State of Arizona, 29 Ariz. 389, 242 P. 340, 46 A.L.R. 284; Ex parte Andrews, 18 Cal. 678; Rodmon v. Robinson, 134 N.C. 503, 47 S.E. 19, 65 L.R.A. 682; People v. C. Klinck Packing Co., 214 N.Y. 121, 108 N.E. 278; Ex parte Ferguson, 62 Okl.Cr. 145, 70 P.2d 1094; Pirkey Bros. v. Commonwealth of Virginia, 134 Va. 713, 114 S.E. 764, 29 A.L.R. 1290; 60 C.J. 1030–1034, Sunday, §§ 8 and 9; 50 Am.Jur. 809–810, Sundays and Holidays, § 10.

■ But laws restricting activity on Sunday, though not obnoxious to constitutional provisions in regard to religious liberty and freedom of conscience, in order to be valid must not violate other constitutional provisions. Elliott v. State of Arizona, supra; City of Mt. Vernon v. Julian, 369 Ill. 447, 17 N.E.2d 52, 119 A.L.R. 747. See Henderson, Sheriff, v. Antonacci, Fla., 62 So.2d 5.

Appellant asserts that as applied to him and others similarly situated the closing provisions of § 420, supra, are so arbitrary and discriminatory as to be violative of the

209

equal protection clause of the Fourteenth Amendment to the Federal Constitution and of the provisions of § 22 of the Constitution of this state, which prohibit the legislature from "making any irrevocable or exclusive grants of special privileges or immunities".

Specifically, appellant says that under the construction placed on the closing provisions of § 420, supra, by the appellate courts of this state such provisions apply only to merchants or shopkeepers who keep open store on Sunday, leaving other persons to ply their trades, practice their professions or follow their worldly pursuits, and that such is an arbitrary classification beyond the power of the legislature to validly make.

Appellant also contends that even if it be held that such a classification is valid, that nevertheless the constitutional provisions above alluded to have been violated because of the nature of the exemptions allowed certain persons within the class.

Section 420, supra, reads as follows:

"*Any person who compels his child, apprentice, or servant to perform any labor on Sunday, except the customary domestic duties of daily necessity or comfort, or works of charity; or who engages in shooting, hunting, gaming, card playing, or racing on that day; or who, being a merchant or shopkeeper, druggist excepted, keeps open store on that day, shall be fined not less than ten nor more than one hundred dollars, and may also be imprisoned in the county jail, or sentenced to hard labor for the county for not more than three months. The provisions of this section do not apply to the running of railroads, stages, or steamboats, or other vessels navigating the waters of this state, or any manufacturing establishment which is required to be kept in constant operation;* and nothing herein shall prevent the sale of gasoline or other motor fuels or motor oils on Sunday. Provided, that it shall be lawful to engage in motorcycle and automobile racing on Sunday, whether admission is charged or not, except that this proviso shall not be construed to prevent any municipality from passage of ordinances prohibiting such racing on Sunday." (Emphasis supplied.)

Those provisions of § 420, supra, which we have italicized above, except as to punishment, have appeared in every Code back to the Penal Code of 1866, in almost the identical language. Such provisions were included in the Penal Code of 1866 as § 73 of that Code.

The codifiers of the Penal Code of 1866 placed in one section of that Code, § 73, practically all of the provisions which had been set forth in three sections of the Code of 1852, namely, §§ 3302, 3303 and 3304. There was one material omission. Section 3303 of the Code of 1852 provided in part: "Any * * * merchant, or shop-keeper, except druggists, who keeps open store, or disposes of any goods on Sunday, * * * must be fined," etc. The prohibition against disposing of goods on Sunday was not brought forward into the Penal Code of 1866.

The provisions contained in §§ 3302, 3303 and 3304 of the Code of 1852 in regard to carrying on business on Sunday were not nearly so restrictive as had been the law in effect prior to the adoption of the Code of 1852. The law then in effect appears to have been originally enacted by the Mississippi Territorial Legislature on March 12, 1903. See Toulmin's Digest, p. 217; Akin's Digest, p. 439; Clay's Digest, p. 592. Under that law all wordly business or employment on Sunday was prohibited except works of charity or necessity.

Our present Sunday closing law, § 420, supra, does not apply to all wordly business on Sunday. The inhibition of the present law is restricted to certain specified acts. Flanagan v. Meyer, 41 Ala. 132; Comer v. Jackson, 50 Ala. 384; Ex parte Stollenwerck, 201 Ala. 392, 78 So. 454; Whittaker v. State, 17 Ala.App. 624, 88 So. 188; Town of Livingston v. Scruggs, 18 Ala.App. 527, 93 So. 224.

The only class of persons prohibited from carrying on business on Sunday are merchants and shopkeepers and they are only prohibited from keeping "open store." Sparrenberger v. State, 53 Ala. 481; Ex parte Stollenwerck, supra; Whittaker v.

State, supra; Everett v. State, 22 Ala.App. 30, 111 So. 759.

■ The prohibition does not apply to such places of business as a blacksmith's shop, a carpenter's shop, or a shoemaker's shop, where goods and merchandise are not bought and sold, Sparrenberger v. State, supra; nor to a restaurant where the operator confines his operations within the limits usually followed in such business, the serving of meals. Whittaker v. State, supra.

In Sparrenberger v. State, supra, 53 Ala. at page 484, it was said: "* * * It is the keeping open the store for buying and selling, or for receiving and storing on that day [Sunday], which is declared criminal. * * *" And in Jebeles v. State, 131 Ala. 41, 31 So. 377, we said:

"Section 5542 of the Code provides: 'Any person * * * who, being a merchant or shopkeeper, keeps open store' on Sunday, must be fined, etc. This statute, in our opinion, sufficiently describes the offense intended to be denounced. The keeping of 'open store' implies something more than opening the door of a shop or store or keeping the door open. It involves the keeping open of the store as such, the opening up of the business carried on in the house, and the exposition to sale of the wares stored there for sale. The words, in and of themselves, mean the opening up and keeping open the storehouse of goods, wares, and merchandise for the purposes of traffic. Where this is done, it need not be shown that any sale was actually made; and, on the other hand, a sale may be made in such storehouse on Sunday which would not involve keeping open store, within the statute."

See Snider v. State, 59 Ala. 64; Dixon v. State, 76 Ala. 89; Ex parte Stollenwerck, supra.

So appellant is correct in his assertion that the provisions of § 420, supra, which relate to the carrying on of business on Sunday affect only one class of persons, "merchants or shopkeepers" who keep "open store."

Is this an unreasonable classification? We have found no case from the Supreme Court of the United States so holding. There are many cases from other state courts where this question has been discussed. The decisions have been as varied as the statutes or ordinances on which the actions arose and there are some which tend to support the position taken by appellant that the classification is unreasonable.

■ However, after a careful review of the authorities we are persuaded to follow what we understand to be the general rule, to the effect that the classification on which a Sunday law is based is within the legislative branch of the government unless clearly arbitrary. State v. Dolan, 13 Idaho 693, 92 P. 995, 14 L.R.A.,N.S., 1259; People v. DeRose, 230 Mich. 180, 203 N.W. 95; State v. Somberg, 113 Neb. 761, 204 N.W. 788; Ness v. Supervisors of Elections, 162 Md. 529, 160 A. 8; Komen v. City of St. Louis, 316 Mo. 9, 289 S.W. 838; City of Seattle v. Gervasi, 144 Wash. 429, 258 P. 328; Bothwell v. York, 291 Pa. 363, 140 A. 130.

■ The constitutional prohibitions above alluded to stand ready to prevent a clearly arbitrary and oppressive discrimination. But the mere fact of inequality is not enough to invalidate a law, and the legislative body must be allowed a wide field of choice in determining what shall come within the class of permitted activities and what shall be excluded. Following these guiding principles, we are unable to find in the Sunday closing provisions of § 420, supra, such obvious and grievous discrimination as would justify a holding that the constitutional prohibitions forbid it.

As shown above, druggists are excepted from the prohibition of the Sunday closing provisions of § 420, supra. In Ex parte Stollenwerck, supra, following the previous decisions of this court to the effect that the prohibition is not against sales, but against "keeping open store," we held that a bona fide druggist did not violate the Sunday closing law by keeping open store and selling on Sunday those articles of merchandise which had been customarily sold in drug stores for a long period of time, such

as soda water, tobacco, cigars, ice cream, candies, confectioneries and toilet-articles.

Appellant concedes that it would not have been unreasonable for the legislature to exempt the sale of drugs on Sunday, recognizing the fact that it is in the public interest that such articles be obtainable on Sunday. However, appellant insists that where the legislature has provided, as this court held, that a druggist may keep open store and sell articles other than drugs that the classification becomes unreasonable and arbitrary. We cannot agree. We know of no power vested in the legislature to require a druggist to keep his store open for the sale of drugs only. Hence, the legislature in our opinion would be well justified in concluding that in order to have a place where drugs might be obtained on Sunday, a bona fide druggist should be permitted to dispose of those articles usually and customarily sold in drug stores other than drugs.

Appellant does not complain of the fact that the legislature has provided that the provisions of § 420, supra, do not apply to the running of railroads, stages or steamboats or other vessels navigating the waters of this state. Obviously, this exemption relates to the prohibition contained in the first clause of the first sentence of § 420, supra, which makes it unlawful for any person to compel certain other persons to perform labor on Sunday. We are of the opinion that the exemption from the prohibitions of § 420, supra, given to any manufacturing establishment which is required to be kept in constant operation also relates to the prohibition against any person compelling certain other persons to work on Sunday. A "manufacturing establishment" is not a "merchant or shopkeeper" within the meaning of the statute and we do not think it can be said that the exemption allowed manufacturing establishments was intended to permit them to keep "open store" on Sunday.

The following part of § 420, supra, which first appeared in the Code of 1923, has never been construed by the court in so far as our research discloses: "And nothing herein shall prevent the sale of gasoline or other motor fuels or motor oils on Sunday." The quoted provisions seem to merely authorize the sale of specific articles and we doubt whether the legislature intended to permit a place of business where those particular articles are sold to sell other articles of merchandise. However, we do not decide this question, for if the provisions last above quoted be held to place filling stations in the same category as drug stores, we think that such would be a valid exemption, in view of the inability of the operators of motor vehicles to secure sufficient fuels on other days of the week to meet their needs on Sunday.

The last sentence of § 420, supra, obviously relates only to the second clause of the first sentence of § 420, which makes it unlawful among other things for any person to engage in racing on Sunday. That sentence was added by recent amendment, long after this court had held that the prohibition against carrying on business in this state on Sunday was limited to the keeping of open store by merchants and shopkeepers. Consequently, there was no need for an exemption permitting the carrying on of the business of automobile or motorcycle racing.

We are of the opinion that the closing provisions of § 420, supra, are not unconstitutional on the grounds asserted by appellant and that the demurrer to his bill seeking an injunction was properly sustained.

The decree appealed from is affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.