173 So.2d 573

**Joseph N. LANGAN et al.**

v.

**MOBILE WINN–DIXIE, INC.**

**I Div. 266.**

Supreme Court of Alabama.

March 11, 1965.

Rehearing Denied April 15, 1965.

Ralph Kennamer, Mobile, for appellants.

Holberg, Tully & Hodnette, Mobile, for appellee.

584

MERRILL, Justice.

Appeal from a final decree in a declaratory judgment action together with injunctive relief. Appellee sought a determination that its business operations were exempt from the provisions of Tit. 14, § 420, Code 1940, as amended. Appellant City of Mobile has an ordinance, 36–63, which makes it unlawful for any person to violate, within the city, any law of the state, the violation of which is a misdemeanor under state law.

Title 14, § 420, as amended, reads:

"Any person who compels his child, apprentice, or servant to perform any labor on Sunday, except the customary domestic duties of daily necessity or comfort, or works of charity or who engages in shooting, hunting, gaming, card playing, or racing on that day, or who, being a merchant or shopkeeper, druggist excepted, keeps open store on Sunday, shall be fined not less than ten nor more than one hundred dollars, and may also be imprisoned in the county jail, or sentenced to hard labor for the county, for not more than three months. However, the provisions of this section shall not apply to the operation of railroads, stages, communications, public utilities or steamboats, or other vessels navigating the waters of this state, or to any manufacturing establishment which is required to be kept in constant operation, or to the sale of gasoline or other motor fuels or motor oils. Nor shall this section prohibit the sale of newspapers, or the operation of newsstands, or automobile repair shops, florist shops, fruit stands, ice cream shops or parlors, lunch stands or restaurants, delicatessen, or plants engaged in the manufacture or sale of ice, provided such business establishments are not operated in conjunction with some other kind or type of business which is prohibited by this section. It shall also be lawful to engage in motorcycle and automobile racing on Sunday, whether admission is charged or not, except that this proviso shall not be construed to prevent any municipality from passing ordinances prohibiting such racing on Sunday."

The trial court determined that the kinds of businesses carried on by appellee were those exempted from the operation of the statute and pertinent ordinances, and enjoined appellants from proceeding against appellee. We quote three paragraphs from the court's decree:

"(1) That the Complainant herein is engaged in the operation of delicatessen stores, fruit stands, news stands, ice cream parlors, or drug stores, or a combination of two or more of said operations; and that the ordinances and statute here under consideration, to-wit, Ordinance 36–63 and Ordinance 31–233 of the City of Mobile, and Section 420 of Title 14 of the Code of Alabama Recompiled 1958, do not apply to said businesses and operations and hence do not prohibit the conduct of the same on Sunday.

"(2) That the Complainant, its agents, servants and employees, has full right and legal authority, without interference on the part of the Respondents, or any of them, or any other officer of the CITY OF MOBILE, or any persons acting by, through, or in concert with them, to carry on and conduct the aforesaid businesses and operations on Sunday.

"(3) That the aforesaid Section 420 of Title 14 of the Code of Alabama Recompiled 1958, and the aforesaid Ordinance 36–63 and Ordinance 31–233 of the City of Mobile, do not apply to and do not prohibit the operation on Sunday of the aforesaid businesses and operations of the Complainant, and that said statute and ordinances may not be applied to the disadvantage of the Complainant."

The evidence was undisputed, but we do not refer to all of it. Appellee, Mobile Winn-Dixie, Inc., operates two Kwik Chek Stores in the City of Mobile and is a part of the Winn-Dixie chain store business which operates Kwik Chek Stores and Winn-Dixie Stores in Alabama and other states. The Kwik Chek Stores in Mobile are retail stores and sell groceries at retail. Appellee calls its stores grocery stores; the items sold in the stores are such items as are commonly sold by retail grocery stores; and they are known by the public generally as retail grocery stores, or food stores. These stores have never held themselves out to the public as being solely a delicatessen, or a fruit stand, or as a newsstand, or as an ice cream parlor, although they sell many of the products sold by these establishments which are exempt under § 420.

We quote and concur in the opening statement of the argument section of appellants' brief:

"There is no moral or religious issue involved here. The power of the legislature to restrict activity on Sunday is not here challenged. The validity of the provisions of the applicable Ordinances of the City of Mobile is not under attack. The crux of the controversy between the Appellants and the Appellee is the application of Section 420 of Title 14, Code of Alabama, Recompiled 1958. This section of the Code prohibits, with certain exceptions, a merchant or shopkeeper from keeping open store on Sunday. Among the merchants or shopkeepers excepted from the prohibition are druggist, delicatessen, fruit stand, newsstand, ice cream shop or parlor."

The question is whether § 420 applies to appellee by making it unlawful for its stores to remain open on Sunday, or whether appellee is exempt under the exempting provisions.

In considering the same statute in Ex parte Stollenwerck, 201 Ala. 392, 78 So. 454, this court said: "Courts are not supposed to be ignorant of that which everybody knows; and everybody in this state knows that drug stores are not limited in their stock in trade to drugs only; * * *." It is equally common knowledge that retail grocery stores or food stores, whether chain or not, sell articles that are also sold by drug stores, delicatessens, fruit stands, newsstands and ice cream parlors. But they are still grocery stores.

A grocery store and § 420 were the subjects of the litigation in Lane v. McFadyen, 259 Ala. 205, 66 So.2d 83. There this court considered the constitutionality of § 420, but we concluded that a grocery store is within the prohibition that forbids "Any person * * * who, being a merchant or shopkeeper, druggist excepted, * * *" to keep open store on Sunday. We find no reason to depart from the established law on the subject. The mere fact that the majority of the articles sold by a grocery or food store may also be sold by establishments which are exempt is not the determining factor. The legislative classification which includes grocery stores within its provisions is a valid classification and is not arbitrary even though it may result in some inequalities. Lane v. McFadyen, 259 Ala. 205, 66 So.2d 83, and authorities there cited.

The trial court erred in holding that § 420 did not apply to appellee, and in enjoining appellants from interfering with appellee keeping open stores on Sundays. The decree is reversed and the cause is remanded with directions to the trial court to dismiss the bill.

Reversed and remanded with directions.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.