TYSON, Judge.
The State of Alabama appeals from an order and judgment of the Circuit Court of Etowah County, Alabama dismissing its complaint against K-Mart Corporation.
I
In its complaint the sheriff indicated that the employees of K-Mart were operating a business on Sunday, allegedly in violation of § 13A-12-1, Code of Alabama 1975, the Sunday Blue Laws.
The District Court had found the corporation in violation of the aforesaid statute. However, on appeal to Circuit Court where the case was heard de novo, the trial court found that the legislation was vague, ambiguous and uncertain and that there had been discriminatory enforcement of those laws within Etowah County.
The case was submitted to the trial court based upon the K-Mart Corporation’s motion to dismiss and the answer of the State together with briefs and argument of the parties. There was no evidence as such presented to the trial judge.
The trial court’s order and judgment dismissing the complaint is as follows: (R-28-29).
“ORDER ON DEFENDANT’S MOTION TO DISMISS
“Motion to Dismiss having been filed by the defendant, K-Mart Corporation, and having been heard and submitted, the court finds as follows:
“The defendant is charged with violation of Code of Alabama 1975, § 13A-12-1 *1271 which prohibits opening of certain stores for business on Sundays.
“This is a criminal statute and as such must be strictly construed and must set forth clearly the acts which are proscribed. Any doubt concerning the interpretation of the statute must be resolved in favor of the defendant.
“It is common knowledge that the merchandising practices of various retail stores have changed substantially over the years. This is especially apparent in stores such as large chain drug stores which now sell a wide variety of general merchandise along with prescription drugs and drug-related items. These drug stores have become in reality department stores which have been allowed to operate by the courts and by law enforcement authorities without interference. In fact, law enforcement authorities in this county as well as throughout the State of Alabama have not undertaken to enforce the Sunday Closing Laws except upon complaint. Such discriminatory enforcement is unconstitutional.
“It is not disputed that the defendant contains a pharmacy. The defendant also sells general merchandise.
“It is not possible to determine from this statute which stores are required to close and which are allowed to remain open on Sunday. The statute is so vague and ambiguous so as to be impossible of enforcement and violates the Constitution of the United States and of the State of Alabama.
“It is, therefore, Ordered and Adjudged that the defendant’s Motion to Dismiss is due to be granted. Accordingly, the complaint against the defendant, K-Mart Corporation is hereby dismissed.
“DONE and ORDERED this 15 day of October, 1984.
Cyril L. Smith
Circuit Judge”
This case is strikingly similar on the facts to two appeals which have been heard in recent years by the appellate courts of Alabama. The first case arose in the City of Birmingham. This case found unequal enforcement of the law which offended the equal protection clause of the United States Constitution. Simonetti v. City of Birmingham, 55 Ala.App. 163, 314 So.2d 83 (1975), cert. denied, 294 Ala. 192, 314 So.2d 99 (1975).
The second case involved Albertson’s Corporation which was doing business in Houston County. This appeal is reported as Sheriff of Houston County v. Albertson’s, Inc., 402 So.2d 912 (Ala.1981).
We need not here address the issue of the constitutionality of the Sunday Blue Laws on their face because the record in the case at bar supports, without question, a finding that their application to K-Mart amounted to an unequal, invidious and discriminatory enforcement of the law as to this corporation. On this basis, the judgment of the trial court is due to be affirmed. Sheriff of Houston County v. Albertson’s, supra.
Likewise, there being no evidence presented at the Circuit Court level with which to contradict the findings of the circuit judge as hereinabove set forth, we likewise find from the record that there has been an unequal enforcement of the law in Etowah County in that a number of various retail stores operating as large chain drug stores are now selling a variety of items of general merchandise along with prescription drugs and drug-related items. In fact, it is not disputed in this record that many of these large chain drug stores sell many of the same items of general merchandise as does the defendant, K-Mart Corporation. Therefore, this court has no alternative but to affirm the findings of the trial judge based upon his determination that there has been discriminatory and unequal enforcement of the aforesaid “Blue Laws”. Simonetti v. City of Birmingham, supra, and authorities therein cited.
II
The Alabama Supreme Court, some years ago, in Stollenwerck v. State, 201 *1272 Ala. 392, 78 So. 454 (1918), made the following observation:
“Courts are not supposed to be ignorant of that which everybody knows; and everybody in this state knows that drug stores are not limited in their stock in trade to drugs only; that they carry tobacco, cigars, candies, soaps, toilet articles, and the like, as well as medicines and drugs, and that, in the absence of local laws, they are kept open on Sunday, and sell on Sunday such articles as they carry in trade, and that it has never heretofore been deemed a violation of the criminal statute to do so. Such has been the contemporaneous construction of the statute, for 50 years, by the officers charged with the enforcement of the laws, and by the people, who are charged with observing them.
“It may be that the sale of any article in a drug store on Sunday other than drugs, or medicines, ought to be prohibited by a criminal statute; but the fact remains that such sales, of and in themselves, are not now so prohibited, and have not been, for 50 years; and, moreover, what the law ought to be is a question for the Legislature and not for the courts.”
The problem of what items may be sold in “drug stores” other than traditional drugs and medicines has been passed upon in more recent years by the Supreme Court in Lane v. McFadyen, 259 Ala. 205, 66 So.2d 83 (1953), and again in Langan v. Mobile-Winn-Dixie, Inc., 277 Ala. 583, 173 So.2d 573 (1965).
More recently, the Supreme Court of Alabama upheld the operation of small food stores, known as “convenience stores”, as being exempt from the very provisions here under construction, namely, Title 14, Section 420, Code of Alabama 1940, in an opinion by Mr. Justice Harwood in Caiola v. The City of Birmingham, 288 Ala. 486, 262 So.2d 602 (1972).
It is clear from the record in this cause that the sheriff and his deputies had difficulty attempting to interpret and apply the laws uniformly. As noted in the District Court opinion, there were many businesses which were permitted to operate on Sunday and sell virtually the same items which were being sold by K-Mart Corporation. As found by the Circuit Court opinion, El-Mart was, in fact, operating a pharmacy duly and properly licensed within the general store.
In view of the findings of the trial court, we are of the opinion that this appeal is due to be and the same is hereby affirmed on authority of decisions herein mentioned and also City of Birmingham v. Tomberlin, 338 So.2d 1054 (Ala.Crim.App.1976) and Sheriff of Houston County v. Albertson’s, Inc., 402 So.2d 912 (Ala.1981) and authorities therein cited.
AFFIRMED.
All the Judges concur.