77 So.2d 369

**Lock M. LYALL**

v.

**STATE.**

6 Div. 726.

Supreme Court of Alabama.

Jan. 13, 1955.

Walter G. Woods and Jas. A. McCollum, Tuscaloosa, for appellant.

Bernard F. Sykes, Asst. Atty. Gen., Robt. Straub, Asst. Atty. Gen., and Alfred W. Goldthwaite, Montgomery, of counsel, for appellee.

LAWSON, Justice.

We know judicially that on October 24, 1952, Tuscaloosa County was what is commonly referred to as a wet county. On that date police officers of the City of Tuscaloosa seized, within the city and county of Tuscaloosa, a 1946 half-ton Chev-

rolet truck, the property of Lock M. Lyall. At time of seizure the truck was loaded with seventy-five cases of beer.

Thereafter the State of Alabama by and through the solicitor of the Sixth Judicial Circuit filed a complaint in the circuit court of Tuscaloosa County, in equity, against Lyall and the motor truck, under the provisions of § 247 et seq., Title 29, Code 1940, as amended, and prayed for the condemnation and forfeiture of the truck.

Section 247,Title 29, Code 1940, as amended, General Acts 1947, p. 39, 1953 Cum. Pocket Part, Title 29, p. 388, reads as follows:

"All conveyances and vehicles of transportation of any kind, whether on the waters of the state, under the waters, on land, or in the air, which have been or are used for the illegal conveying of any prohibited liquors, or beverages, into this state, or from one point in the state to another point within the state, including any animals that may be used in such transportation, whether hitched or not hitched to any vehicle so illegally used, together with all harness and other accessories employed in such illegal transportation, shall be contraband and shall be forfeited to the state of Alabama, and shall be seized by any sheriff or any other person acting under authority of law in the enforcement of the prohibition laws of the state, who becomes cognizant of the facts, or who finds liquor being illegally transported as aforesaid in such vehicles or conveyances or on any such animal, and such officer or person shall report the seizure and the facts connected therewith to the solicitor or any prosecuting official in the county where seizure is made or, in default thereof, to the attorney general of the state. And, in order to condemn and confiscate any of the above mentioned vehicles or animals, it shall not be necessary for the state to show any actual movement of said vehicles or animals while loaded with any of said prohibited liquors or beverages. *Provided, however, that if said prohibited liquors or beverages shall have been purchased* *through the state liquor stores, or shall bear the stamp of the Alabama alcoholic beverages control board, no such conveyance, vehicle or animal shall be confiscated or forfeited unless the court shall be convinced from the evidence that said prohibited liquors or beverages were being transported for the purpose of re-sale, contrary to law. That the owner or operator of said vehicle has a reputation of being a seller of prohibited liquors shall be prima facie evidence that such liquors or beverages were being transported for re-sale."* (Italics supplied.)

Lyall filed an answer wherein he averred in substance that the motor truck was not subject to confiscation and forfeiture for the reason that at the time of seizure it was not being used in the illegal transportation of prohibited liquors or beverages.

After hearing the testimony orally, the trial court rendered a decree wherein it was ordered that the truck be condemned and forfeited. From that decree Lyall has appealed to this court.

It is without dispute in the evidence that all of the beer which was on the truck at time of seizure bore the stamps of the Alcoholic Beverages Control Board. There is no evidence to support a finding that the truck had been used in the transportation of beer beyond the territorial limits of Tuscaloosa County, which, as shown above, was a wet county at the time of the seizure.

The evidence does tend to show and unquestionably supports a finding to the effect that Lyall, the owner and operator of the truck, had the reputation of being a seller of beer within Tuscaloosa County, although he was not licensed to engage in that business by the proper authorities.

We think it clear from the record before us that the trial court decreed the condemnation and forfeiture of appellant's truck after finding from the evidence that at the time of seizure the beer was loaded upon the truck for an illegal purpose, namely, for resale by appellant, who did not have a license as a retail dealer. The evidence fully supports such a finding of fact.

98

However, we cannot agree that the truck was subject to confiscation and forfeiture because of such use.

In so far as our research discloses, this is the first instance since the "Alcoholic Beverage Control Act" became effective on February 2, 1937, Acts 1936–37, Extra Session, p. 40, wherein a vehicle has been ordered forfeited because of its use in connection with the transportation in a wet county of intoxicating beverages which were purchased through a state liquor store or which bore the stamps of the Alabama alcoholic beverages control board. In the case of Snyder v. State, 247 Ala. 278, 279, 24 So.2d 266, 267, decided December 20, 1945, we said: "It is well settled in this jurisdiction that before an automobile can be condemned and sold by the State of Alabama, the evidence must show the automobile was transporting illegal liquors from a point in the state to and in a dry county * * *."

 It is argued that the part of § 247, Title 29, Code 1940, as amended, which we have italicized above, which became a part of our statutory law in 1947, leads to a different result. We cannot agree. We are of the opinion that the purpose of the legislature in adopting the 1947 amendment was to permit the transportation of intoxicating beverages purchased through the state liquor stores or bearing the stamps of the alcoholic beverages control board in dry counties except for the purpose of resale, and it was not the intention of the legislature to in any wise make the provisions of § 247, Title 29, Code 1940, applicable to wet counties in regard to the transportation of intoxicating beverages purchased through the state liquor stores or which bear the stamps of the alcoholic beverages control board.

Let the decree of condemnation be reversed and a decree here rendered in favor of the appellant.

Reversed and rendered.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.