**James C. McDONALD, for himself and for all others similarly situated,**
**Plaintiffs,**

v.

**Albert BREWER, as Governor of the State of Alabama, et al.,**
**Defendants.**

**Civ. A. No. 68-30.**

United States District Court
N. D. Alabama,
Northeastern Division.

May 21, 1968.

**1136**

Bryce U. Graham, Tuscumbia, Ala., pro se.

John Tucker, Birmingham, Ala., for plaintiffs.

MacDonald Gallion, Atty. Gen., and William N. McQueen, Asst. Atty. Gen. of Alabama, for defendants, Doyle R. Young, Special Asst. Atty. Gen., and Nicholas S. Hare, Special Asst. Atty. Gen. of Alabama, Jerry L. Beasley, Clayton, Ala., of counsel.

Robert Straub, Decatur, Ala., for defendant W. Raymond Wheeler, Sheriff.

John J. O'Connell, Atty. Gen., and Paul D. Solomon and Arthur F. Mickey, Asst. Attys. Gen., for the State of Washington, amicus curiae.

Dr. R. Elmer Nielsen, Birmingham, pro per, for Alabama Temperance Alliance, Inc., amicus curiae.

Robert Y. Button, Atty. Gen. of Virginia and William P. Bagwell, Jr., Asst. Atty. Gen., for the State of Virginia, amicus curiae.

Crawford C. Martin, Atty. Gen., Nola White, First Asst. Atty. Gen., A. J. Carubbi, Jr., Executive Asst. Atty. Gen., Robert C. Flowers, Douglas H. Chilton, and Lonny F. Zwiener, Asst. Attys. Gen., Austin, Tex., for the State of Texas, amicus curiae.

Joe Patterson, Atty. Gen., and John E. Stone, Asst. Atty. Gen., for the State of Mississippi, amicus curiae.

Before RIVES, Circuit Judge, and LYNNE and ALLGOOD, District Judges.

PER CURIAM:

The plaintiffs seek declaratory and injunctive relief involving the constitutionality of the local option liquor laws of the State of Alabama. Those laws provide for county elections on the question: "Do you favor the legal sale and distribution of alcoholic beverages within this county? Yes ——, No ——." The results of such elections determine the classifications of the counties as "wet" or "dry." Code of Ala., Recomp.1958, Title 29, § 68. There are twenty-six "wet" counties and forty-one "dry" counties in Alabama.

This plaintiff McDonald resides in "dry" Morgan County, Alabama. He files this complaint on behalf of himself and of all other persons who reside in "dry" counties of Alabama who desire to possess alcoholic beverages in their respective homes for their own use and not for resale. He purchased a quart of taxpaid whiskey from the State-owned and operated liquor store in "wet" Madison County, Alabama, adjoining his home county of Morgan, and proposed to bring said whiskey into Morgan County and to his home for his own use. He informed the Sheriff of Morgan County of his intention and the Sheriff told him that if he did so he would enforce the law as it applied to Morgan County, would arrest the plaintiff, would charge him with the criminal offense of possessing whiskey in a "dry" county, and would confiscate the quart of whiskey. There was evidence that other arrests had been made in Morgan County for the possession in a "dry" county of whiskey purchased from State-operated liquor stores in "wet" counties. The plaintiff claims that it is a violation of due proc-ess and equal protection of the laws under the Fourteenth Amendment for the State to prohibit individuals who buy legal taxpaid whiskey in the State's "wet" counties from possessing such whiskey for their own personal use in the State's "dry" counties.

It has been held that mere threats of prosecution are not sufficient to create an actual controversy. Feldman v. Ervin, S.D.Fla.1955, 128 F.Supp. 822. On the other hand, where the threats of prosecution clearly and immediately affect property rights, a present controversy arises as to the validity of the statute involved without the necessity of the person threatened submitting himself to criminal prosecution. Monk v. City of Birmingham, N.D.Ala.1950, 87 F.Supp. 538, aff'd, 5 Cir. 1950, 185 F.2d 859. We hold that the plaintiff McDonald has stated a justiciable controversy.

As to claimed injunctive relief, however, we think that no sufficient irreparable damages have been either alleged or proved which would authorize a federal district court to interfere by injunction with threatened criminal prosecution in a state court. Douglas v. City of Jeannette, 1943, 319 U.S. 157, 162, 63 S.Ct. 877, 87 L.Ed. 1324; Zwickler v. Koota, 1967, 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444; Cameron v. Johnson, 390 U.S. 611, 88 S.Ct. 1335, 20 L.Ed. 2d 182, Oct. Term 1967, decided April 22, 1968. Since no state prosecution is pending against the plaintiff and no other court is now in position to decide the question presented, we think that, in the absence of "special circumstances," this court has the duty to decide the appropriateness and the merits of the declaratory request. Zwickler v. Koota, supra, 389 U.S. at 254, 88 S.Ct. 391.

If we wrote upon a clean slate, we might well consider whether the State statutes are susceptible of a construction by the state courts that would avoid the constitutional question. See Zwick-

ler v. Koota, supra, 389 U.S. at 249, 88 S.Ct. 391. These statutes have, however, been exposed to state construction and limiting interpretation for more than 30 years. The extent of the holding in Harrison v. NAACP, 1959, 360 U.S. 167, 178, 79 S.Ct. 1025, 1031, 3 L.Ed.2d 1152, was expressed as follows:

"All we hold is that these enactments should be exposed to state construction or limiting interpretation before the federal courts are asked to decide upon their constitutionality, so that federal judgment will be based on something that is a complete product of the State, the enactment as phrased by its legislature and as construed by its highest court."

The Alabama statutes were authoritatively construed by the Court of Appeals of Alabama in Williams v. State, 28 Ala.App. 73, 179 So. 915, 1938, cert. den., 235 Ala. 520, 179 So. 920, as leaving in full force and effect in "dry" counties what is now Title 29, section 98 of the Code of Alabama. That section reads as follows:

"It shall be unlawful for any person, firm, or corporation or association within this state to sell, offer for sale, keep or have in possession, barter, exchange or to give away, furnish at a public place or elsewhere, or otherwise dispose of the prohibited liquors and beverages described in this chapter, or any of them, in any quantity, except as hereinafter provided; or to accept the delivery of, or to receive, have in possession, or possess in this state, any of said prohibited liquors and beverages as defined by the laws of the state of Alabama, in any quantity whatsoever."

The State Supreme Court's denial of certiorari may be taken as some expression of that Court on the subject. Suggs v. State, 36 Ala.App. 66, 54 So.2d 794, 797, 1951, cert. den., 256 Ala. 388, 54 So. 2d 797. Indeed, the majority opinion of the Supreme Court of Alabama in Holt v. State, 1939, 238 Ala. 2, 193 So. 89, 90, approved the opinion of the Court of Appeals in the *Williams* case, with a qualification not material to this case. That approval was made notwithstanding a vigorous special concurrence of Justice Brown which advocated disapproval of the *Williams* case. In Lyall v. State, 1955, 262 Ala. 96, 77 So.2d 369, 371, the Supreme Court of Alabama held that a 1947 amendment permits the transportation of intoxicating beverages purchased through the State liquor stores or bearing the stamp of the Alcoholic Beverage Control Board in "dry" counties except for the purpose of resale. In other respects, that decision is not inconsistent with the decision of the Alabama Court of Appeals in *Williams*, supra. We think, therefore, that there is no reason for this court's abstaining to await further construction of the statutes by the Alabama courts. In our opinion, the foregoing Alabama decisions have settled, at least for the present and for the foreseeable future, that Title 29, section 98 of the Code of Alabama remains the law in "dry" counties.

Thus the question posed for our determination is whether it is a violation of the due process and equal protection clauses for the State to prohibit persons who buy legal taxpaid whiskey in the State's "wet" counties from possessing such whiskey for their personal use in the State's "dry" counties. The plaintiff seeks to refine that question by the following circumstances disclosed in the evidence: (1) liquor revenues and taxes are distributed among the "wet" and the "dry" counties of Alabama, (2) liquor confiscated by the State in "dry" counties without compensation to the owner is used for restocking State liquor stores and resale to the public, and (3) the State allows the sale and consumption of taxpaid whiskey even in "dry" counties on airplanes, railroad cars and steamboats.

■ In our opinion, no one of those considerations has any bearing upon this decision. That is so obviously true of the first two circumstances as not to warrant discussion. As to the third circumstance, a classification is clearly

rational which would permit the possession, sale and consumption of taxpaid whiskey in "dry" counties in transportation on airplanes, railroad cars and steamboats, and prohibit other forms of possession of taxpaid whiskey in "dry" counties. Several reasons would justify such a classification; such as, (1) the practical impossibility of enforcement of a prohibition of possession in transportation on airplanes, railroad cars and steamboats; (2) the fleeting and remote connection of that form of possession with more permanently established forms of possession, sale and distribution of alcoholic beverages in "dry" counties; (3) the more direct impact on residents of "dry" counties of liquors more permanently located in such counties; and (4) the probability that such other forms of possession would more readily tend to further violations of the Alabama liquor laws. There are probably a number of other considerations which would justify such a classification. In our opinion, that classification meets the time-honored federal tests stated in Lindsley v. Natural Carbonic Gas Co., 1911, 220 U.S. 61, 79, 31 S.Ct. 337, 340, 55 L.Ed. 369:

"The rules by which this contention must be tested, as is shown by repeated decisions of this court, are these: 1. The equal protection clause of the Fourteenth Amendment does not take from the State the power to classify in the adoption of police laws, but admits of the exercise of a wide scope of discretion in that regard, and avoids what is done only when it is without any reasonable basis and therefore is purely arbitrary. 2. A classification having some reasonable basis does not offend against that clause merely because it is not made with mathematical nicety or because in practice it results in some inequality. 3. When the classification in such a law is called in question, if any state of facts reasonably can be conceived that would sustain it, the existence of that state of facts at the time the law was enacted must be assumed. 4. One who assails the classification in such a law must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary."

Reverting then to the question of whether a state may constitutionally prohibit persons who buy legal taxpaid whiskey in "wet" counties from possessing such whiskey in "dry" counties, in our opinion, at this late date, the decision of that question requires no more than a very brief reference to earlier cases. It has long been settled that a state may decline to consider intoxicating liquor as a legitimate article of commerce and may prohibit its possession or sale either absolutely or under such reasonable conditions as the state may prescribe. Crowley v. Christensen, 1890, 137 U.S. 86, 91, 92, 11 S.Ct. 13, 34 L.Ed. 620; Crane v. Campbell, 1917, 245 U.S. 304, 307, 38 S.Ct. 98, 62 L.Ed. 304; Ziffrin v. Reeves, 1939, 308 U.S. 132, 138, 60 S.Ct. 163, 84 L.Ed. 128. As far back as 1904, the Supreme Court declared that the power of a state to pass a local option law "is not an open question." Lloyd v. Dollison, 1904, 194 U.S. 445, 448, 449, 24 S.Ct. 703, 48 L.Ed. 1062. See also, Rippey v. Texas, 1904, 193 U.S. 504, 24 S.Ct. 516, 48 L.Ed. 767. Nothing that has occurred since has impaired the soundness of that statement. The Supreme Court, albeit in different settings, has repeatedly recognized that, "The Equal Protection Clause relates to equality between persons as such rather than between areas." Salsburg v. Maryland, 1954, 346 U.S. 545, 551, 74 S.Ct. 280, 283, 98 L.Ed. 281; Griffin v. County School Board of Prince Edward County, 1964, 377 U.S. 218, 230, 84 S.Ct. 1226, 12 L. Ed.2d 256. The Twenty-first Amendment to the United States Constitution has recognized the police power of the states over intoxicating liquors. We find no sound basis for the plaintiffs' constitutional arguments. We hold that it is not violative of the Fourteenth Amendment to the United States Constitution for the State of Alabama to prohibit persons who buy legal taxpaid whiskey

in the State's "wet" counties from possessing such whiskey for their own personal use or otherwise in the State's "dry" counties.

The law having been so declared, it is ordered and adjudged that this action be dismissed with prejudice. Costs are taxed against the plaintiffs.