**Bryce U. GRAHAM, Plaintiff,**

v.

**Albert BREWER, as Governor of the State of Alabama, et al., Defendants.**

**Civ. A. No. 67–679.**

United States District Court
N. D. Alabama,
Northwestern Division.

May 21, 1968.

Bryce U. Graham, Tuscumbia, Ala., pro se.

John Tucker, Birmingham, Ala., for plaintiff.

MacDonald Gallion, Atty. Gen., and William N. McQueen, Asst. Atty. Gen. of Alabama, for defendants Doyle R. Young, Special Asst. Atty. Gen., and Nicholas S. Hare, Special Asst. Atty. Gen., of Alabama, Jerry L. Beasley, Clayton, Ala., of counsel.

Robert Straub, Decatur, Ala., for defendant W. Raymond Wheeler, Sheriff.

John J. O'Connell, Atty. Gen., and Paul D. Solomon and Arthur F. Mickey, Asst. Attys. Gen., for the State of Washington, amicus curiae.

Dr. R. Elmer Nielsen, Birmingham, Ala., pro per, for Alabama Temperance Alliance, Inc., amicus curiae.

Robert Y. Button, Atty. Gen. of Virginia and William P. Bagwell, Jr., Asst. Atty. Gen., for the State of Virginia, amicus curiae.

Crawford C. Martin, Atty. Gen., Nola White, First Asst. Atty. Gen., A. J. Carubbi, Jr., Executive Asst. Atty. Gen., Robert C. Flowers, Douglas H. Chilton, and Lonny F. Zwiener, Asst. Attys. Gen., Austin, Tex., for the State of Texas, amicus curiae.

Joe Patterson, Atty. Gen., and John E. Stone, Asst. Atty. Gen., for the State of Mississippi, amicus curiae.

Before RIVES, Circuit Judge, and LYNNE and ALLGOOD, District Judges.

PER CURIAM:

The plaintiff seeks declaratory and injunctive relief involving the construction and constitutionality of the local option liquor laws of the State of Alabama. Those laws provide for county elections on the question: "Do you favor the legal sale and distribution of alcoholic beverages within this county? Yes ——, No ——." Results of such elections determine the classification of the counties as "wet" or "dry." Code of Ala., Recomp. 1958, Title 29, § 68. There are twenty-six "wet" counties and forty-one "dry" counties in Alabama.

The plaintiff resides in "dry" Colbert County. He drove to Huntsville in "wet" Madison County and purchased from the State liquor store three pints of legal tax-paid whiskey for his own use and returned to Colbert County with the whiskey. About two days later, evidently by prearrangement, each of the three pints of whiskey was taken from him. One was seized at his home by the Sheriff of Colbert County and a State Alcoholic Beverage Control Agent. Subsequently on the same day, two State law enforcement officers seized another one of said pints of whiskey from plaintiff's automobile. Again on the same day, two State law enforcement officers arrested the plaintiff on the Wilson Dam Reservation, over which the plaintiff claims that the United States Government exercises exclusive jurisdiction in the enforcement of criminal laws. Three separate crimi-

nal cases charging illegal possession of intoxicating liquors were brought against the plaintiff in the Colbert Law and Equity Court, Colbert County, Alabama. The plaintiff was released on bail, and the cases are now pending.

■ As to his arrest on the Wilson Dam Reservation, the plaintiff urges that it is the federal court's right and duty to interpret and construe these adopted States statutes as federal law on said federal reservation, and in support of that novel proposition the plaintiff cites the case of Johnson v. Yellow Cab Transit Co., 1944, 321 U.S. 383, 64 S.Ct. 622, 88 L.Ed. 814. In that case the Supreme Court specifically declined to decide the applicability of the Federal Assimilative Crime Statute, 18 U.S.C. § 13. The proceeding in that case was in the federal district court for the return of the liquors and to restrict further interference with their transportation. In the present case the prosecution of plaintiff for possession of whiskey on the Wilson Dam Reservation is pending in an Alabama state court for violation of an Alabama statute. The Federal Assimilative Crime Statute applies where a federal court is enforcing an adopted state law but clearly has no application to a criminal prosecution in a state court for violation of a state law.

■ If the plaintiff is correct in his insistence that the place of his arrest on the Wilson Dam Reservation came under the exclusive jurisdiction of the federal courts, that fact will furnish him with a complete defense to the exercise of the state court's jurisdiction. That fact, if it be a fact, does not, however, authorize this court to decide whether the Alabama statutes were adopted as federal law under the Federal Assimilative Crime Statute with the construction placed upon them by the Alabama state courts, or whether the federal courts are to construe those statutes for themselves. The evidence is that no arrest has been made by any federal officer and no case has been brought in the federal courts against this plaintiff or any other defendant for violation of the Alabama liquor laws as adopted under the Federal Assimilative Crime Statute.

■ We have discussed the plaintiff's contention as to his arrest and deprivation of property on the Wilson Dam Reservation upon the assumption that the place of arrest was within the exclusive jurisdiction of the federal courts, but we think that there was no sufficient proof of that claim. The plaintiff urges this court to take judicial notice that Congress assumed jurisdiction over this reservation, relying upon the case of Webb v. J. G. White Engineering Corp., 1920, 204 Ala. 429, 85 So. 729. That was a civil case involving the question of whether federal or state law applied in a suit for injuries by an employee of the J. G. White Engineering Corp. It is not binding as res judicata on the present parties. We cannot take judicial notice of whether the United States has exclusive jurisdiction, concurrent jurisdiction, or any jurisdiction whatever over the place on the Wilson Dam Reservation at which plaintiff was arrested. The jurisdiction of the United States over ceded lands is subject to such reservations, restrictions and conditions as may be provided in the act or instrument of cession. See Code of Ala., Recomp. 1958, Title 59, § 19. The instrument of cession or patent should be recorded in the Office of Secretary of State of Alabama. See Code of Ala., Recomp.1958, Title 59, § 18. That instrument or patent has not been introduced in evidence nor have its terms been proved. In our opinion, the plaintiff has failed to prove that the transaction took place at a point within the exclusive jurisdiction of the United States.

The other two criminal cases pending against the plaintiff, one involving the pint of whiskey seized at his home and the other the pint of whiskey seized from his automobile, present the same question as is presented in the case of James C. McDonald, for himself and others similarly situated v. Albert Brewer, as Governor of the State of Alabama, et al., C. A., 295 F.Supp. 1135, which was heard by

this court at the same time as the instant case, and which is also decided this day. While we decide that question in the *McDonald* case, we have been unable to reach the merits here.

█ As to the present case, we think that no relief can be granted either by way of injunction or by declaratory judgment. Injunctive relief seems to be forbidden by 28 U.S.C.A. § 2283.

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

See Dombrowski v. Pfister, 1965, 380 U.S. 479, 484, n. 2, 85 S.Ct. 1116, 1119, 14 L.Ed.2d 22. If not expressly forbidden by that statute, it is nonetheless clear that this court should not interfere by injunction with the pending criminal prosecutions in the state court. See Douglas v. City of Jeannette, 1943, 319 U.S. 157, 162, 63 S.Ct. 877, 87 L.Ed. 1324; Zwickler v. Koota, 1967, 389 U.S. 241, 253, 88 S.Ct. 391, 19 L.Ed.2d 444; Cameron v. Johnson, 390 U.S. 611, 88 S.Ct. 1335, 20 L.Ed.2d 182.

█ The appropriateness of declaratory relief rests in the sound discretion of this court. Zwickler v. Koota, supra; Eccles v. Peoples Bank of Lakewood Village, Calif., 1948, 333 U.S. 426, 68 S.Ct. 641, 92 L.Ed. 784. *Zwickler,* supra, held a declaratory judgment proper as to *future* criminal prosecutions where a statute was claimed to contravene the First Amendment by its "overbreadth." That case is clearly distinguishable from this, because here the criminal prosecutions are presently pending and the questions upon which this court is asked to declare the plaintiff's rights can be fully and finally decided in the criminal cases pending against the plaintiff. We think that it would be both unnecessary and presumptuous for this court to undertake to instruct the state courts as to how those questions should

be decided. We hold that the plaintiff is entitled to no relief.

In accordance with the foregoing opinion, the plaintiff's action is dismissed with prejudice, and the costs are taxed against the plaintiff.