**SOUTHWAY DISCOUNT CENTER, INC., a corporation, Plaintiff,**

v.

**Jamie MOORE, chief of police, City of Birmingham, and George Seibels, mayor, City of Birmingham, Alabama, Defendants.**

**Civ. A. No. 70–490.**

United States District Court, N. D. Alabama, S. D.

July 15, 1970.

Virgil K. Sandefer, Birmingham, Ala., for plaintiff.

J. M. Breckenridge, City Atty., William A. Thompson, Asst. City Atty., Birmingham, Ala., for defendants.

## MEMORANDUM OPINION

ALLGOOD, District Judge.

This matter is before the court on a complaint and a motion for preliminary injunction filed by plaintiff and a motion to dismiss filed by the defendants. The court, having studied all pleadings with great care and following oral arguments in open court, is of the opinion that the defendants' motion to dismiss should be granted for the reasons set forth in this memoradum opinion.

Plaintiff is a large discount store with both grocery and pharmacy departments and is situated in the City of Birmingham, Alabama. Defendant Moore is the police chief of Birmingham and defendant Seibels is the city's mayor. Plaintiff is seeking to enjoin the defendants from arresting its employees for violations of Section 36–56 of the Birmingham City Code as it adopts the words and meaning of the Code of Ala., Tit. 14, Section 420, as amended, and Section 36–60 of the city code as being in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

Section 36–56 of the Birmingham City Code reads:

"It shall be unlawful for any person to violate within the city or within the police jurisdiction thereof, any law of the state, now or hereafter enacted, the violation of which is a misdemeanor under State law."

Section 36–60 reads as follows:

"No person shall do any worldly business or labor on Sunday, or compel or require any child, apprentice or servant to perform any labor on Sunday, except the customary domestic duties of daily necessity, comfort or works of charity; or keep open on Sunday any store, shop, warehouse or other building in which business is transacted, or goods of any description are kept for sale; or sell or offer for sale on that day any goods, wares or merchandise."

■ It has long been settled in Alabama that a city or town may adopt an ordinance which makes "municipal offenses of the violation of the misdemeanor statutes of the state." State v. Town of Springville, 220 Ala. 286, 125 So. 387 (1929). In Langan et al. v. Mobile Winn-Dixie Inc., 277 Ala. 583, 173 So.2d 573 (1965), a Mobile city statute similar in language to Birmingham's 36–56 and which incorporated Code of Ala., Tit. 14, Section 420 was declared valid. The court, relying on its earlier decision in Lane v. McFadyen, 259 Ala. 205, 66 So.2d 83 (1953), said:

> "After a careful review of the authorities we are persuaded to follow what we understand to be the general rule, to the effect that the classification on which a Sunday law is based is within the legislative branch of the government unless clearly arbitrary. (Authorities omitted).
>
> "The constitutional prohibitions above alluded to stand ready to prevent a clearly arbitrary and oppressive discrimination. But the mere fact of inequality is not enough to invalidate a law, and the legislative body must be allowed a wide field of choice in determining what shall come within the class of permitted activities and what shall be excluded. Following these guiding principles, we are unable to find in the Sunday closing provisions of § 420, supra, such obvious and grievous discrimination as would justify a holding that the constitutional prohibitions forbid it."

Section 420 of the Alabama Code makes unlawful the general performance of labor and other activities on Sunday and provides penalties for violations subject, however, to certain enumerated exceptions which have been deemed reasonable and necessary by the legislature. The legislature, by Act 431, 1966 Special Session, amended Section 420 in part as follows:

> "Section 2. It shall be lawful for any grocery store to remain open on Sunday in each County in the State having a population of 500,000 or more according to the last or any succeeding federal census providing that such grocery store does not have on duty in such store more than four employees at any one time on Sunday; provided that each such grocery store shall first obtain a special license to operate on Sunday from the license issuing officer of such County. The license issuing officer of such County shall issue a license only to such individual grocery stores or outlets as shall pay a license fee of $25 and only to such individual grocery stores or outlets in each community as are determined to be required by the public convenience and necessity. All license fees shall be paid into the general fund of such County."

The Alabama courts, as evidenced by the McFadyen decision, supra, held the Sunday closing provisions of Section 420, prior to the 1966 amendment under attack here, were not violative of the Equal Protection Clause of the Fourteenth Amendment.

The threshold question which must be answered here, therefore, is whether the classification set up by the 1966 amendment to the Code of Ala., Tit. 14, Section 420, is so arbitrary and discriminatory as to offend the Constitution.

The general rule governing such Sunday or "Blue" laws is set out in 16A C. J.S. Constitutional Law § 496 as follows:

> "With Sunday regulations, as with other laws passed under the police power, the legislature may classify persons or things for the purposes of legislation, provided such classification is based on reasonable distinctions and operate alike on all of the same class; but Sunday regulations which are arbitrary and based on unreasonable distinctions between different persons or classes of persons are unconstitutional."

Federal courts frequently have entertained cases dealing with legislative classifications in recent years. In Roth-

stein v. Wyman, 303 F.Supp. 339 (D.C. N.Y.1969), a case involving welfare recipients in one New York county receiving lower payments than those living in New York City following an amendment to the Social Security law of that state, the district court said:

> "When the challenged classifications pertain to the conduct of business transactions, the Supreme Court has freely recognized the difficult problems and interests that state legislatures must balance. In such cases, even though the reason for the statute may be unstated and difficult to discern from surrounding circumstances, the presumption in favor of validity is favored * * * and we are guided by the principal that 'a statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it' * * * Absent an invidious distinction, or one affecting a fundamental or critical personal right, wisdom dictates that in the interest of maintaining a proper balance between state and federal authorities the Equal Protection Clause should not be used to interfere with the state legislative process. The need or appropriateness of legislation is to be determined by the legislature, not the courts, and the latter should not substitute their economic or social beliefs for those of the former * * * Traditionally such business and economic legislation, even though it might create inequalities, has withstood attack if it could possibly bear some reasonable relationship to the statuory purpose." (Authorities omitted.)

The rule for determining discrimination of a statute under attack was stated in Morey v. Doud, 354 U.S. 457, 77 S.Ct. 1344, 1 L.Ed.2d 1485 (1957).

> "2. A classification having some reasonable basis does not offend against that clause merely because it is not made with mathematical nicety or because in practice it results in some inequality.

> "3. When the classification in such a law is called in question, if any state of facts reasonably can be conceived that would sustain it, the existence of that state of facts must be assumed.

> "4. One who assails the classification of such a law must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary."

The Supreme Court had occasion in McGowan et al. v. Maryland, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961) to rule on a situation fairly similar to the one questioned here. The plaintiffs there were arrested in Anne Arundel County, Maryland, for selling certain goods on Sunday in violation of a State statute which generally prohibited the sale on Sunday of all merchandise with certain exceptions. A series of amendments had excepted from the prohibition all foodstuffs and other goods sold only in Anne Arundel County. The plaintiffs attacked the statutes as being in opposition to the Equal Protection Clause. The statutes were similar to the ones in question here; the most significant being the inclusion in one of the amendments of the provision allowing any retail establishment in Anne Arundel County which does not employ more than one person other than the owner to operate on Sunday.

On the basis of the record in the case, the court said the classifications made by the statute could not be said to be without rational and substantial relation to the objects of the legislation, so as to exceed the wide discretion permitted the states in enacting laws which affect some groups of citizens differently from others. The court also said the Equal Protection Clause is not violated by the Maryland statute which permits only certain merchants in Anne Arundel County to sell merchandise customarily sold at such places while forbidding its sale by other vendors.

Speaking through Chief Justice Warren, the court held that:

"[T]he Fourteenth Amendment permits the States a wide scope of discretion in enacting laws which affect some groups of citizens differently than others. *The constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the State's objective. State legislatures are presumed to have acted within their constitutional powers despite the fact that, in practice, their laws result in some inequality. A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it."* (Emphasis supplied.)

The court also said that:

"It would seem that a legislature could reasonably find that the Sunday sale of the exempted commodities was necessary either for the health of the populace or for the enhancement of the recreational atmosphere of the day * * * Likewise, the fact that these exemptions exist and deny some vendors and operators the day of rest and recreation contemplated by the legislature does not render the statutes violative of equal protection since there would appear to be many valid reasons for these exemptions."

This court interprets *McGowan,* supra, to say that if the classification formed by the legislature is relevant to the achievement of the State's objective in passing the statute and is not essentially arbitrary, the court will not set aside the statute even if some discrimination does exist.

Looking to the legislative intent behind Act 431, it is obvious from a reading of the declaration of legislative finding and policy that the State's objective in passing the statute was to meet a public necessity for certain goods on Sunday for the maintenance of public health and general welfare. As Act 431 states:

"[T]he Legislature further finds that there is a public necessity for the purchase on Sunday of merchandise usually and normally sold in grocery stores and that this necessity must be met but that reasonable restrictions as set out above should be placed thereon."

This court fully agrees with Justice Frankfurter's statement in a comprehensive concurring opinion to the *McGowan* case, supra, that:

"Neither the Due Process Clause nor the Equal Protection Clause demands logical tidiness * * * No finicky or exact conformity to abstract correlation is required of legislation. The Constitution is satisfied if a legislature responds to the practical living facts with which it deals. *Through what precise points in a field of many competing pressures a legislature might most suitably have drawn its lines is not a question for judicial re-examination.* It is enough to satisfy the Constitution that in drawing them the principle of reason has not been disregarded. And what degree of uniformity reason demands of a statute is, of course, a function of the complexity of the needs which the statute seeks to accommodate." (Emphasis supplied.)

Courts historically have been most hestitant to interfere with the legislative process of a state. The classification set forth in the Code of Ala., Tit. 14, Section 420, as amended, clearly appears to meet the criteria set down in the cases cited herein. This court is of the opinion that the classification is not arbitrary but is reasonable and valid and should not be disturbed by the court.

Therefore, judgment and decree in accordance with this opinion will be entered.

## ORDER

In conformity with the Memorandum Opinion entered herein,

It is ordered that the motions to dismiss filed by defendants Jamie Moore and George Seibels be and the same hereby are granted and that this cause be and the same hereby is dismissed.