**R. E. ENGSTROM, Plaintiff,**

v.

**MacDonald GALLION et al., Defendants.**

**R. E. ENGSTROM, Plaintiff,**

v.

**MacDonald GALLION et al., Defendants.**

**Civ. A. Nos. 6355–70T, 6373–70T.**

United States District Court,
S. D. Alabama, S. D.

Feb. 24, 1971.

**1004**

Graham Gibbons, Mobile, Ala., for plaintiff.

William H. Brigham, Mobile, Ala., William T. Baxley, Atty. Gen., State of Ala., Robt. E. Morrow and Charles H. Barnes, Asst. Attys. Gen. of Ala., for defendants.

Before RIVES, Circuit Judge, and THOMAS and PITTMAN, District Judges.

## ON MOTIONS FOR SUMMARY JUDGMENT

## MEMORANDUM OPINION

PER CURIAM:

It appears that all matters and issues involved in these consolidated cases are fully determinable in criminal cases instituted against the plaintiff R. E. Engstrom in courts of general jurisdiction of the State of Alabama before the filing of the complaints in these cases. In the case of Graham v. Brewer, as Governor, N.D.Ala.1968, 295 F.Supp. 1140, 1143, a three-judge district court (Rives, Circuit Judge, and Lynn and Allgood, District Judges) said:

> "As to the present case, we think that no relief can be granted either by way of injunction or by declaratory judgment. Injunctive relief seems to be forbidden by 28 U.S.C.A. § 2283.

> 'A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'

See Dombrowski v. Pfister, 1965, 380 U.S. 479, 484, n. 2, 85 S.Ct. 1116, 1119, 14 L.Ed.2d 22. If not expressly forbidden by that statute, it is nonetheless clear that this court should not interfere by injunction with the pending criminal prosecutions in the state court. See Douglas v. City of Jeannette, 1943, 319 U.S. 157, 162, 63 S.Ct. 877, 87 L.Ed. 1324; Zwickler v. Koota, 1967, 389 U.S. 241, 253, 88 S. Ct. 391, 19 L.Ed.2d 444; Cameron v. Johnson, 390 U.S. 611, 88 S.Ct. 1335, 20 L.Ed.2d 182.

> "The appropriateness of declaratory relief rests in the sound discretion of this court. Zwickler v. Koota, supra; Eccles v. Peoples Bank of Lakewood Village, Calif., 1948, 333 U.S. 426, 68 S.Ct. 641, 92 L.Ed. 784. Zwickler, supra, held a declaratory judgment proper as to future criminal prosecutions where a statute was claimed to contravene the First Amendment by its 'overbreadth.' That case is clearly distinguishable from this, because here the criminal prosecutions are presently pending and the questions upon which this court is asked to declare the plaintiff's rights can be fully and finally decided in the criminal cases pending against the plaintiff. We think that it would be both unnecessary and presumptuous for this court to undertake to instruct the state courts as to how those questions should be decided. We hold that the plaintiff is entitled to no relief."

For the reasons thus stated, the motions of the defendants in these cases for summary judgment are due to be granted and orders will be entered accordingly.