336 So.2d 1078 (1976)
PIGGLY-WIGGLY OF JACKSONVILLE, INC., a corporation, et al.
v.
CITY OF JACKSONVILLE, a Municipal Corporation.
SC 1589.
Supreme Court of Alabama.
August 13, 1976.
*1079 Jenkins, Wallis & Thorn, Birmingham, for appellant.
Merrill, Merrill & Vardaman, Anniston, for appellee.
BEATTY, Justice.
Piggly-Wiggly appeals from a preliminary injunction granted in favor of the City of Jacksonville. We reverse.
The City of Jacksonville filed its petition seeking enforcement of the provisions of Act No. 1050 of the 1971 Alabama Legislature, codified in Code of Alabama, Appendix, Vol. 14B, § 341(a30) (the Calhoun County blue law) and Code of Alabama, Tit. 14, § 420 (the state blue law) against Piggly-Wiggly and individual defendant-appellants. The petition alleged that Piggly-Wiggly was a corporation doing business in Calhoun County and that the individual defendant-appellants were responsible for the operation of a store which was remaining open on Sundays in violation of the previously cited statutes. The City prayed that Piggly-Wiggly be restrained from further Sunday operation.
In a motion in opposition to the prayer Piggly-Wiggly asserted that the statutes relied upon by the City are unconstitutional, unreasonable, arbitrary and capricious and have no real substantive relation to the objectives sought to be obtained by the adoption of the legislation. Piggly-Wiggly also filed a motion to dismiss, reiterating constitutional challenges, and an answer, which admitted Sunday operations but denied violation of the law because the operations were carried on with four or fewer employees. Piggly-Wiggly also cross-petitioned, praying that the statutes be declared unconstitutional and that the City of Jacksonville be enjoined from enforcing them.
The Circuit Court of Calhoun County issued a preliminary injunction against Sunday operation by Piggly-Wiggly, from which order Piggly-Wiggly appealed.
The constitutionality of Tit. 14, § 420, Code 1940, as amended, which is in question here, states in pertinent part as follows:
"Any person . . . who, being a merchant or shopkeeper, druggist excepted, keeps open store on Sunday, shall be fined not less than ten nor more than one hundred dollars, and may also be imprisoned in the county jail, or sentenced to hard labor for the county, for not more than three months. . . ."
The Calhoun County blue law, § 341(a30)(b), Appendix, Vol. 14B, includes a further exception to the general state law. Its pertinent part reads:
". . . there is also excepted from the provisions of this section, due to public necessity and policy, the operation of a food store in which not more than four (4) persons regularly work. . ." (Emphasis Supplied.)
The testimony on which the trial court granted injunction was the testimony of the police chief of the City of Jacksonville, J. Ross Tipton, who testified to a "head count" of store employees under his own definition of "regularly." On direct examination of Chief Tipton, Mr. Vardaman, attorney for the City, asked the following:
"Q How many employees did you see?
"A It was over five."
On cross examination, Chief Tipton, after testifying that he visited the Piggly-Wiggly Sundays on four or five occasions, testified to the following:
"Q On many of these occasions, is it not a fact that there were either three or four employees on duty at the store?
"A The times I have been in there, there have been four or more. That I made sure. I counted them."
Whether these employees were regular employees was undetermined by Chief Tipton's testimony.
Piggly-Wiggly raises the following issues on appeal:
I. Whether Tit. 14, § 420, Code 1940, as amended,
(a) is an improper exercise of police power; and
(b) is in violation of the Federal Constitution by establishing a preference to certain religions which may affect *1080 the civil rights, privileges and capacities of the citizens of Alabama.
II. Whether Act No. 1050 of the 1971 Legislative Session,
(a) is so vague and indefinite as to be unconstitutional because of the inclusion of the word "regularly"; and
(b) contains a classification which is unreasonable or without rational basis, therefore violative of the Fourteenth Amendment to the United States Constitution.
We answer issue I in the negative and answer issue II in the affirmative; we hold that the Calhoun County blue law is unconstitutional and overturn the lower court's injunction granted in favor of the City of Jacksonville.
The United States District Court for the Northern District of Alabama wrote to issue I in Southway Discount Center, Inc. v. Moore, 315 F.Supp. 617 (1970) by quoting the general rule as found in 16A C.J.S. Constitutioinal Law § 496:
"`With Sunday regulations, as with other laws passed under the police power, the legislature may classify persons or things for the purposes of legislation, provided such classification is based on reasonable distinctions and operate alike on all of the same class; but Sunday regulations which are arbitrary and based on unreasonable distinctions between different persons or classes of persons are unconstitutional.'"
Holding that the classification in Tit. 14, § 420 could justifiably be recognized as reasonable and valid, meeting minimum constitutional standards with regard to police power, the Federal Court upheld the statute.
Regarding part (b) of the first issue, whether § 420 is in violation of the Federal Constitution by establishing a preference for certain religions which may affect the civil rights, privileges and capacities of the citizens of Alabama, while it is not clear from the record that the appellants have established standing to raise this First Amendment right, made applicable to the states by the Fourteenth Amendment, this Court, in Lane v. McFadyen, 259 Ala. 205, 66 So.2d 83 (1953), held that legislative restrictions enacted under the police power of the state, requiring a day of rest at periodic intervals, do not interfere with religious freedom or liberty of conscience. See also McGowan v. Maryland, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961). We have been shown no compelling reason to find constitutional infirmity with such statutes as § 420 represents which have been upheld against attack based upon religious grounds.
In Braunfeld v. Brown, 366 U.S. 599, 81 S.Ct. 1144, 6 L.Ed.2d 563 (1961), concerning a similar attack upon the Pennsylvania Sunday Law which prevented selling certain personal property on Sunday, the United States Supreme Court answered the argument of religious preference:
". . . [t]he statute before us does not make criminal the holding of any religious belief or opinion, nor does it force anyone to embrace any religious belief or to say or believe anything in conflict with his religious tenets.
. . . . .
If the purpose or effect of a law is to impede the observance of one or all religions or is to discriminate invidiously between religions, that law is constitutionally invalid even though the burden may be characterized as being only indirect. But if the State regulates conduct by enacting a general law within its power, the purpose and effect of which is to advance the State's secular goals, the statute is valid despite its indirect burden on religious observance unless the State may accomplish its purpose by means which do not impose such a burden.. . ."
This language is particularly appropriate here. Given the apparent purpose of § 420 which is to provide a day of rest at periodic intervals, and is well within the legislative power, and its indirect effect, if, indeed, *1081 there is any effect, upon religious observance, we find that the legislature has satisfied the constitutional requirements for such a statute as § 420. The question of unequal application is not before us. Therefore, we uphold Tit. 14, § 420.
However, we find fault with the specific blue law applicable to Calhoun County. This statute, Tit. 14, § 341(a30)(b), as is Tit. 14, § 420, is criminal in nature, and must be interpreted in accordance with established guidelines regarding the construction of criminal statutes. The Fourteenth Amendment to the United States Constitution echoed by the Constitution of Alabama, Article I, § 6, provides that one may not be deprived of life, liberty or property without due process of law. It has been held as a cornerstone of due process that an enactment is void for vagueness if its prohibition is not clearly defined. Grayned v. City of Rockford, 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972).
Appellants also contend that the Calhoun County statute violates the Fourteenth Amendment to the U. S. Constitution because it contains a classification which is unreasonable or which is without rational basis.
As appellants state in their brief, "there can be no reasonable substantial distinction between food stores which is based solely upon the number of their regular employees."
The legislative purpose in requiring stores to close on Sundays is the protection of the public health and welfare which results from setting aside one day each week as a day of rest and relaxation. Code of Alabama, Appendix, Vol. 14B, § 341(a30) (b). When classification systems in legislation are relevant to the purpose stated in the legislation, they will be upheld. AlMeans, Inc. v. City of Montgomery, 268 Ala. 31, 104 So.2d 816 (1958); Southway Discount Center, Inc. v. Moore, 315 F.Supp. 617 (N.D.Ala.1970); Plant v. R. L. Reid, Inc., 294 Ala. 155, 313 So.2d 518 (1975).
The purpose of the Calhoun County blue law, as indicated above, is the provision of a community-wide day of rest. In order to reach a result which will promote that purpose, the legislature chose the number of regular employees as a determinative factor, and established a classification which turned on that number. It stated, in effect, that stores which had [at any time] less than four regular employees could remain open on Sundays whereas stores which had [at any time] more than four regular employees must close on Sundays. We find that such a designation is not germane to the stated purpose of the legislation. The number of regular employees who are required to be at work from Monday through Saturday is in no way relevant to the number of employees who are unable to rest on Sunday as a result of the store by which they are employed remaining open on Sunday. Based on the purpose of the legislation, we find no rational reason to distinguish between large stores, i. e., stores with more than four regular employees [at any time], and small stores, i. e., stores with less than four regular employees [at any time]. All food stores, regardless of size, should find their Sunday operation governed by the legislative purpose of protection of health and welfare, and therefore should be included in the same class. The classification chosen by the legislature, four regular employees, seems to us to be an arbitrary classification for which no relation to purpose has ever been provided.
Our recent opinion in Caiola v. City of Birmingham, 288 Ala. 486, 262 So.2d 602 (1972) which dealt with a similar statute, does not conflict with this view, for in that case the statutory classification was based upon grocery stores not having on duty on Sunday more than four employees at any one time. This Court found that differentiation a reasonable one, consistent with the purpose of the Birmingham Sunday Law, Act No. 431, 1966 Acts of Alabama, Special Session, § 1(b), i. e., the maintenance of the public health. As we have noted, however, the classification in the instant case is not based upon the number of employees on duty on Sunday but upon the distinction between grocery stores with four regular *1082 employees at any time, including Sunday, and it is that distinction which we find as an unreasonable classification when measured by the purpose of the statute.
We recognize the presumption favoring the constitutionality of legislation if any viable construction may be given it. But here we can find no reasonable justification for the selection of the classification of four regular employees. We find, therefore, that the Calhoun County blue law's classification is unreasonable and arbitrary, having no relation to the statute's stated purpose, and we must strike it on constitutional grounds.
REVERSED AND RENDERED.
MADDOX, FAULKNER, SHORES and EMBRY, JJ., concur.