JONES, Justice.
This appeal challenges the constitutionality of Ala.Code 1975, § 28-3A-12, and its prohibition against Sunday sales of alcoholic beverages for “off-premises” consumption by licensees of the Alcoholic Beverage Control Board. Appellant/Plaintiff Historic Warehouse, Inc., initiated this cause, seeking declaratory and injunctive relief to the effect that § 28-3A-12 violated the First and Fourteenth Amendments of the United States Constitution, as well as portions of the 1901 Constitution of Alabama. Additionally, Appellant alleges that the act was unduly vague, and capable of varying and contradictory interpretations.
The cause was submitted to the trial court upon stipulations of fact and briefs of counsel. On June 14, 1982, the trial court entered its final order in favor of the Defendants. Appellant next perfected this appeal.
We affirm.
THE FACTS
The pertinent facts to this appeal are succinctly set forth in certain of the parties’ stipulations of fact as quoted below:
*212 “4. The plaintiff, Historie Warehouse, Inc., is the holder of a valid club license issued by the defendant, Alabama Alcoholic Beverage Control Board.
“5. The plaintiff, Historic Warehouse, Inc., sells alcoholic beverages in their original containers for off-premises consumption to members of the club (Historic Warehouse, Inc.) and to their guests every day of the week including Sunday.
“6. The defendant, Alabama Alcoholic Beverage Control Board, interprets applicable Alabama statutes as prohibiting off-premises sales on Sunday of alcoholic beverages in their original containers to the members of an ABC Board club licensee and to their guests....
“7. The defendant, Alabama Alcoholic Beverage Control Board, and other law enforcement agents of the State of Alabama are under a duty to enforce Alabama statutes pertaining to the sale and distribution of alcoholic beverages.
“8. The penalty provided by law for the unlawful sale of alcoholic beverages on Sunday includes the suspension and/or revocation by the ABC Board of the license of the club to sell alcoholic beverages and/or the imposition of a fine on the holder of the ABC club license in an amount up to $1,000.00.”
CONSTITUTIONAL CHALLENGES TO CODE 1975, § 28-3A-12
Section 28-3A-12 reads:
“Upon applicant’s compliance with the provisions of this chapter and the regulations made thereunder, the board may, where the application is accompanied by a certificate from the clerk or proper officers setting out that the applicant has presented his application to the governing authority of the municipality, if the licensed premises is to be located therein, and has obtained its consent and approval, issue a club liquor license for a club which will authorize the licensee to purchase liquor and wine from the board or as authorized by the board and to purchase table wine and beer, including draft or keg beer in any county or municipality in which the sale thereof is permitted, from any wholesale licensee of the board and to sell liquor and wine, dispensed from containers of any size, and beer, including draft or keg beer, in any county or municipality in which the sale thereof is permitted, to the members of the club or their guests for on-premises consumption and to sell all of the above for off-premises consumption except on Sunday." (Emphasis added.)
Rejecting the constitutional attack on § 28-3A-12, the trial court’s final order succinctly reviewed its legislative history and discerned therein its rationale and beneficent purpose. We quote the following from the trial court’s order:
“The plaintiff brought this action for a declaratory judgment and contends that the portion of § 28-3A-12, Code of Alabama 1975 which provides that a club liquor retail licensee may sell alcoholic beverages for off-premises consumption is unconstitutionally vague and ambiguous and also violates the Due Process and Equal Protection Clause of the Fourteenth Amendment. The plaintiff also contends that a club liquor retail licensee is authorized to sell alcoholic beverages for off-premises consumption each and every day of the week. The defendant, the Alabama Alcoholic Beverage Control Board, interprets § 28-3A-12, Code of Alabama 1975, as allowing a club liquor retail licensee to sell alcoholic beverages for off-premises consumption every day of the week except Sunday.
“The Supreme Court in Broadwater v. Blue & Gray Patio Club, 403 So.2d 209 (Ala.1981), in recapping the legislative history of § 28-3A-12, supra, pointed out that the portion of § 28-3A-12, supra, authorizing a club liquor retail licensee to sell alcoholic beverages ‘for off-premises consumption, except on Sunday,’ was by way of a floor amendment referred to as the Cosby Amendment. The Court stated that ‘it was only by way of the Cosby Amendment that the club retail licensee was allowed’ to sell alcoholic beverages for off-premise consumption.
*213 “It is well settled that in determining and giving effect to the legislative intent of a statute that the history of the statute should be reviewed. State v. T. R. Miller Co., 272 Ala. 135, 130 So.2d 185. It is also well settled that in construing a statute the entire statute must be considered and not just an isolated part. Standard Oil Co. v. State, 55 Ala.App. 103, 313 So.2d 532, writ denied 294 Ala. 770, 313 So.2d 540 (1975). Although the interpretation of the ABC Board is not binding upon this Court, such interpretation is entitled to great weight and favorable consideration. Moody v. Ingram, 361 So.2d 513; Employees’ Retirement System of Alabama v. Oden. 369 So.2d 4.
“In considering the entire statute in pari materia, the legislative history of § 28-3A-12, supra, and the ABC Board interpretation, it is clear that § 28-3A-12, supra, does not allow a club retail liquor licensee to sell alcoholic beverages on Sunday for off-premise consumption. Rather than being a prohibitive statute, § -12, supra, is a beneficial statute since it allows a club liquor retail licensee to sell alcoholic beverages on Sunday when no other alcoholic beverage licensee may legally sell alcoholic beverages. Thus, this restriction of not allowing alcoholic beverage sales for off-premises consumption on Sunday is a reasonable classification and not a violation of the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment. McDonald v. Brewer, 295 F.Supp. 1135 (N.D.Ala.1968); State v. Trahan, 214 La. 100, 36 So.2d 652 (La. Supreme Court).”
Appellant acknowledges that as a general rule no constitutional objection may be successfully urged against laws forbidding the sale of liquor on Sundays. See, generally, 48 C.J.S. Intoxicating Liquors § 44, p. 367 (1981) (and citations thereunder). Under the Twenty-First Amendment to the United States Constitution, there exist broad legislative powers to regulate the possession, sale, and distribution of alcoholic beverages. Joseph E. Seagram and Sons, Inc. v. Hostetter, 384 U.S. 35, 86 S.Ct. 1254, 16 L.Ed.2d 336 (1966).
While conceding the propriety of legislative conditions attached to the sale and distribution of alcoholic beverages, Appellant strenuously argues that such conditions must still be (1) reasonable, and (2) rationally related to a valid legislative purpose. McDonald v. Brewer, 295 F.Supp. 1135 (N.D.Ala.1968).
Additionally, Appellants cite Black v. Pike County Commission, 360 So.2d 303 (Ala.1978), wherein this Court held that while the state has broad regulatory powers concerning the possession, sale, and distribution of alcoholic beverages, “the exercise of police powers in this area does not exempt the states or local government units from constitutional limitations; whether it be the Commerce Clause, the Due Process Clause, or the Equal Protection Clause.”
Stated simply, Appellant submits that there can be no valid rational state interest or legislative purpose which permits Sunday sales of alcoholic beverages for on-premises consumption, while at the same time allowing such sales off the premises on every day except Sunday. It necessarily follows, according to Appellant, that a classification system, which bears no rational relationship to the legislative purpose stated in the legislation, is due to be stricken. Piggly-Wiggly of Jacksonville, Inc. v. City of Jacksonville, 336 So.2d 1078 (Ala.1976).
In Frontiero v. Richardson, 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973), the United States Supreme Court repeated the oft-quoted axiom that, under “traditional” equal protection analysis, a legislative classification is due to be sustained against charges of unconstitutionality unless it is “patently arbitrary” and bears no rational relationship to a legitimate governmental interest.
In our search of a rational basis for the legislation here assailed, we are aided by the rule of deference afforded legislative pronouncements by courts in areas of “economic” due process and equal protection. *214 This principle is stated in Joseph E. Seagram and Sons, supra:[1]
“The first contention amounts to a claim of a deprivation of due process of law, based on the argument that § 9 is not designed to promote temperance and that it is an unwise, impractical, and oppressive law. But it is not ‘the province of courts to draw on their own views as to the morality, legitimacy, and usefulness of a particular business in order to decide whether a statute bears too heavily upon that business and by so doing violates due process. Under the system of government created by our Constitution, it is up to legislatures, not courts, to decide on the wisdom and utility of legislation. There was a time when the Due Process Clause was used by this Court to strike down laws which were thought unreasonable, that is, unwise or incompatible with some particular economic or social philosophy... . The doctrine ... that due process authorizes courts to hold laws unconstitutional when they believe the legislature has acted unwisely . . . has long since been discarded. We have returned to the original constitutional proposition that courts do not substitute their social and economic beliefs for the judgment of legislative bodies, who are elected to pass laws....’” Joseph E. Seagram and Sons, 384 U.S. at 46-47, 86 S.Ct. at 1261-1262, quoting Ferguson v. Skrupa, 372 U.S. 726 at 728-730, 83 S.Ct. 1028 at 1029-1030, 10 L.Ed.2d 93 (1963).
See, generally, Jefferson County v. Braswell, 407 So.2d 115 (Ala.1981); and McDonald v. Brewer, supra.
We admit to some difficulty in summarily dismissing Appellant’s charges as totally unfounded in principle or theory. While, as stated in Joseph E. Seagram and Sons, it is not the province of the judiciary to assume a policy making role in areas of economic and social philosophy, our absolute deference to the legislative process is constrained by constitutional mandates. Stated otherwise, although there is no constitutional right of persons to sell or consume alcoholic beverages, regulation of their sale and consumption is not exempt from all constitutional challenge.
Nevertheless, we discern a legitimate state purpose in the challenged enactment, and find that it bears a rational relationship to its explicit purposes. Jefferson County v. Braswell, supra. Both arms of this reasonable classification test of equal protection are satisfied in the legislative motivation behind the passage of § 28-3A-12 and in its ultimate effect.
The trial court’s reference to Broadwa-teFs review of the Act’s legislative history serves as a backdrop for our analysis. An overview of the Alcoholic Beverage Licensing Code reveals the sole purpose of a club license: to legalize the sale of alcoholic beverages on Sunday. Section 28-3A-25(a)(20) & (21) prohibit the sale of alcoholic beverages in a “cafe, lunchroom, restaurant, hotel, dining room, or other public place on Sunday. ... ” By statutory definition, “a club” is not a public place. § 28-3A-2(7)(a), (b). But for the prohibition of Sunday sales in public establishments (the validity of which is not here contested), no purpose whatsoever would be served by a club license.
The Cosby Amendment, adding the words “and to sell all of the above for off-premises consumption except on Sunday,” was an extension, rather than a restriction, of a club license. It permitted sale for off-premises consumption in addition to its original purpose of permitting sale of alcoholic beverages for on-premises consumption, including sales on Sunday. Included within that extension of the club license privilege is the “except on Sunday” condition.
In other words, a private club, properly licensed, can do what a public establishment cannot do — sell alcoholic beverages on Sunday for on-premises consumption. Additionally, it can sell for off-premises con *215 sumption “except on Sunday. ’ As concluded by the trial judge, this restrictive condition in the extended privilege granted a private club does not convert the licensing statute, beneficent in nature, to a prohibitive statute. The privilege granted the private club to do what public establishments cannot do is not rendered invalid by conditioning the extension of the privilege.
Given a rational basis for the whole of the statutory scheme regulating the sale and use of alcoholic liquors (an issue not here presented), we find no constitutional infirmity in the challenged portions of § 28-3A-12.
AFFIRMED.
TORBERT, C.J., and FAULKNER, AL-MON, SHORES, EMBRY and BEATTY, JJ., concur.
MADDOX and ADAMS, JJ., not sitting.

. Plaintiffs were challenging the New York Liquor Authority’s right to enact legislation on price affirmation.